STEPHEN S. SOUTHARD,

*vs.*

SAMUEL A. PRICE, JR.

*New Castle, Feb. T.* 1860.

After argument of a cause at the final hearing, leave granted, under the
    circumstances, to exhibit interrogatories to take additional testimony
    and for a further hearing.

BILL IN EQUITY, for the correction of an alleged mistake
in the consideration of a note given under the circum-
stances following :—

The complainant, on the 24th of December, 1856, pur-
chased from the defendant the interest of the latter (being
one-third) in the partnership effects of Pedrick, Price &
Co.   The parties made a calculation, with the partnership
books before them, in order to ascertain the value of the
defendant's interest, the result of which was that his in-
terest was estimated at $11,000, for which sum the com-
plainant gave his promissory note at four months.

30

The bill alleged that in April, 1857, the books being posted, it was ascertained that a mistake to the amount of $1685.67 had been made in the estimate of profits for the year 1856, which affected the value of the defendant's interest as the same had been calculated on the 26th of December, 1856, when the purchase was made by the complainant. The bill charged that the complainant's note for $11,000 was given and accepted expressly subject to the correction of any errors which might afterward be discovered in the estimate of profits for the current year; and the complainant claimed to deduct from the note the amount of the mistake alleged to have been discovered. *Prayer*, for an injunction against an action at law pending for the collection of the note in full.

The answer alleged that the calculation of the 26th of December, 1856, was made only with a view to approximate the value of the defendant's interest; that at the close of it the defendant proposed to sell his interest for $11,500; that the complainant then offered for it $11,000, payable at four months, which the defendant accepted and the bargain was closed. The answer wholly denied that there was any agreement or understanding for the correction of errors; and insisted that the note was an absolute and unconditional security.

The case was argued at the March Term, 1860, at a final hearing upon the bill, answer, exhibits and depositions, by *E. G. Bradford* and *D. M. Bates* for the complainant, and *J. C. Patterson* and *J. A. Bayard* for the defendant.

· In the course of the argument, upon the examination of the partnership books, two questions of fact, affecting the value of the defendant's interest, were much controverted, viz: whether certain goods of the partnership, lost in the schooner "Camilla," and charged in the account at the end of the year 1856, were lost before or after the 26th of

December; and whether the account of stock taken at the end of that year, or after, was so taken with the defendant's knowledge and sanction, so as to make it evidence against him.

At the close of the argument the complainant's solicitors filed an affidavit of the complainant that the goods on board of the " Camilla" were lost before the 26th of December, 1856; also that the defendant was present at the taking of the account of stock after the close of the year 1856. They, thereupon, moved for leave to file interrogatories to take testimony on these points and for a further hearing. They argued that, as they had the right to dismiss their bill and proceed *de novo*, it was better for all parties to take the testimony in the pending case than in another. They cited 2 *Dan. Ch. Pr.* 998; *Gresley's Eq. Ev.* 133.

The defendant's solicitors resisted the motion. They filed a counter affidavit of the defendant.

HARRINGTON, CHANCELLOR.—The complainant is entitled to a preliminary decision of this motion; for, though the importance of the new testimony sought to be introduced depends, in one aspect of the case, on a decision of the main question; namely, the complainant's equity to have the mistake corrected after it is shewn, his application for a further opportunity to shew its existence must be disposed of before I can proceed to a final decree. He may avoid that decree by dismissing his bill without prejudice, and impose, while he incurs, the expense of an entirely new case. And, if he is entitled to correct the alleged mistake, I could not proceed to a final decree without the further evidence; for it is admitted now that the profits of the partnership for 1856, cannot be ascertained without an account of stock at the end of that year.

I do not wish to decide this case prematurely, nor by

installments. I do not wish to hurry a decision when either party has not offered all the evidence in his power belonging to the case. It is not yet an old case, and no one will suffer by the delay necessary to take the testimony proposed, while both parties might be subjected to further and more expensive litigation by a decision excluding this testimony. I, therefore, grant the complainant's motion.

At the same time, I expressly forbear any expression of opinion with regard to the merits of the case, and shall be entirely at liberty to dismiss the bill finally, after proof of a mistake in the estimate of profits, if, either by the agreement of the parties or on general principles of equity, such mistake is not, under the circumstances, open to correction.

Appeal prayed, but not taken.

The case was afterward compromised.