RANKIN v. MILLER et al.

(District Court, D. Delaware. September 26, 1912.)

No. 231.

*(Syllabus by the Court.)*

EQUITY (§ 385\*)—HEARING—ORDER OF PROOF—REOPENING CASE.

Where in a suit in equity through mere inadvertency of counsel there has been an omission to prove a certain fact in due course and the argument on final hearing has proceeded on both sides on the assumption and in the belief that such fact is disclosed in the pleadings and proofs, and the court is of opinion that proof of such fact probably is indispensable to the doing of justice between the parties on the merits, an application by counsel, in consequence of notice of such omission given by the court to the parties, to prove such fact by an exemplification of a record, affording conclusive evidence on the point, is included in the exceptions to the general rule forbidding the reception of evidence after final hearing, and such proof should be allowed.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 822–824; Dec. Dig. § 385.\*]

In Equity. Action by George C. Rankin, receiver of the First National Bank of Alma, Kan., against Charles R. Miller and another, as executors, and others. On motion to reopen the case for further evidence. Granted.

Andrew C. Gray and John F. Neary, both of Wilmington, Del., for complainant.

Willard Saulsbury and Hugh M. Morris, both of Wilmington, Del., for defendants.

BRADFORD, District Judge. The complainant, after final hearing and before decree, has moved for leave to put in evidence a duly exemplified copy of the inventory and appraisement of the personal property of Robert H. Miller, deceased, containing and specifically mentioning one hundred and fifty shares of the capital stock of the First National Bank of Alma, and verified by his executors, Charles R. Miller and James Baily, before the register of wills April 20, 1892. On careful examination I have concluded that judicial discretion will be properly exercised by granting the application. This suit was brought to enforce the collection of an assessment made by the comptroller of the currency with respect to the above mentioned shares of capital stock under sections 5151

and 5152, U. S. Rev. Stat. (U. S. Comp. St. 1901, p. 3465). Miller and Baily were made defendants in both their individual and their representative capacity. They passed their final account as executors October 3, 1892, and within the space of two or three weeks thereafter paid in full the distributive balance in their hands among those entitled to receive the same. It is alleged in the bill and admitted in the answer of Miller and Baily that the decedent was the owner and record holder of the stock at the time of his death; but it does not appear from the pleadings nor from the evidence that either Miller or Baily had knowledge of that fact or knowledge that such stock formed part of the decedent's estate until after they had passed their final account and made full distribution. To charge Miller and Baily with such knowledge before they distributed the decedent's estate in their hands as executors is the object of the present application. On final hearing the argument of counsel on both sides proceeded on a tacit assumption that it appeared from the pleadings or the evidence that Miller and Baily, before final distribution, possessed that knowledge; and the defense made on their behalf rested on other and wholly different, grounds than any lack of such knowledge by them. During the preparation of an opinion on the merits a careful examination of the pleadings and evidence first disclosed the omission to allege in the bill and establish by proof the knowledge on the part of the two defendants referred to which, as above stated, was assumed and understood on both sides to exist. That this omission was due to a mere inadvertence of counsel there is no room to doubt. Being so impressed and feeling that the doing of substantial justice between the parties on the facts assumed during the .argument should not perchance fail through a mere slip not in the least affecting the discussion or treatment of the case on final hearing, counsel on both sides were sent for and appeared in open court. The omission to charge or prove knowledge as above mentioned was brought to their attention and was received by them with surprise; the counsel for the defendants stating that his recollection was that the point was covered by the bill and answer, and counsel for the complainant saying he certainly had thought the record was clear on that point.

It is a general though not universal rule of chancery practice that after final hearing on the merits leave will not be granted to either party to adduce evidence of any fact which existed prior to the closing of proofs, and was known or should have been known to the party or his counsel seeking the introduction of such additional evidence. The rule is based on the salutary policy of preventing perjury or fabrication of evidence. It is, however, subject to many exceptions, where the reason of the rule does not apply, or the court feels the need of the proposed additional evidence as an indispensable aid to enable it to render such a decision as will do justice between the parties according to the real merits of the case. The allowance, after final hearing, of additional evidence is not a matter of right in the party, but rests in the sound discretion

of the court, and is to be exercised cautiously and sparingly, and only where it appears that it is or probably will be indispensable to a decision according to the merits and justice of the cause. Gresley's Eq. Ev. 131–136; 1 Dan. Ch. Pl. & Pr. (4th Ed.) 857, 955, 956; Wood v. Mann, 2 Sumn. 316, Fed. Cas. No. 17,953; Sharp v. Wyckoff, 39 N. J. Eq. 95; Desplaces v. Goris, 5 Paige (N. Y.) 252; Southard v. Price, 2 Del. Ch. 233. It would be hard to conceive of any case more loudly calling than the present for an exercise of judicial discretion in favor of the reception of evidence after final hearing. The additional evidence here proposed is not of such character as to be attended with perjury or fabrication. It is an exemplified copy of the record of papers filed with the register of wills, and the fact of knowledge sought to be established by it has not been denied or questioned, but on the contrary practically admitted. Nor could its admission in any way operate to surprise or work legal prejudice to the defendants. Where in a suit in equity through mere inadvertency of counsel there has been an omission to prove a certain fact in due course and the argument on final hearing has proceeded on both sides on the assumption and in the belief that such fact is disclosed in the pleadings and proofs, and the court is of opinion that proof of such fact probably is indispensable to the doing of justice between the parties on the merits, an application by counsel, in consequence of notice of such omission given by the court to the parties, to prove such fact by an exemplification of a record, affording conclusive evidence on the point, is included in the exceptions to the general rule, and such proof should be allowed.