### RANKIN v. MILLER et al.

(District Court, D. Delaware. August 19, 1918.)

No. 231.

1. **Pleading** ⟨⟩335—**Supplemental bill, delivered to clerk, held to have been "filed."**

Where a supplemental bill and motion for leave to file it had been delivered to the clerk, of which defendant's counsel had notice, it was "filed," within Comp. St. § 1594, though, at the court's suggestion that the matter be deferred until a motion to dismiss a previous supplemental bill was disposed of, the application was withdrawn for the present (citing Words and Phrases, Second Series, File.)

---

**2. Pleading ⊕⊃276—Leave to file supplemental bill granted.**

Where, pending a motion to file a supplemental bill substituting as plaintiff a successor of the original plaintiff as receiver, that receiver resigned and his successor applied for leave to file a new supplemental bill, substituting himself as complainant, which was withdrawn until disposal of the pending motion to dismiss, the court will grant leave to file the bill after withdrawal of the preceding supplemental bill, if it has discretion to do so.

In Equity. Suit by George C. Rankin, as receiver, against Charles R. Miller and others. On motion to file a supplemental petition, substituting Charles D. Hamner as plaintiff. Leave to file granted.

John F. Neary, of Wilmington, Del., for plaintiff.
Hugh M. Morris, of Wilmington, Del., for defendant Miller.

McPHERSON, Circuit Judge. When this suit was begun in 1902 the plaintiff was George C. Rankin, receiver of the First National Bank of Alma, Kan. The parties proceeded in a leisurely fashion for more than 10 years, but finally brought the case to a hearing and put in their evidence; the result being that on July 15, 1913, Judge Bradford filed an opinion in favor of the plaintiff. In the course of the suit he delivered three opinions, which are reported in 130 Fed. 229, 199 Fed. 342, and 207 Fed. 602. Although the court decided in favor of the plaintiff (207 Fed. 602), no formal decree has yet been entered; the reason, perhaps, being that Rankin had resigned on March 27, 1913, before the decision was announced. He was succeeded by Scott Nesbitt, who served until May 1, 1915, but was never substituted as plaintiff on this record. In turn Nesbitt was succeeded by Charles K. Korbly, who filed a supplemental bill on September 27, 1915, by leave of the court, asking to be made a party. A motion to dismiss this bill was filed on March 17, 1917, and while the motion was pending the defendants' time for answering it was extended. While the motion was still undecided, Korbly resigned, and on May 1, 1917, Charles D. Hamner became his successor. He promptly took steps to be substituted as plaintiff, and on June 4, 1917, asked the court for leave to file a second supplemental bill with this object. It is true, however, that nothing appears in the docket entries in reference to the matter, and on July 11, 1918, he again asked leave to file the bill; the motion being made under Act Feb. 8, 1899, c. 121, Comp. Stat. § 1594. One of the defendants objected that the motion is too late, and urges as a reason that the "motion or supplemental petition" to substitute has not been "filed at any time within twelve months" after May 1, 1917, the date of Korbly's retirement.

[1] As it seems to me, the objection should not prevail. The affidavit of Hamner's counsel, the averments of which are not disputed, shows that on June 4, 1917, when the motion to file was first made, Judge Bradford suggested that the matter be deferred until the motion to dismiss Korbly's supplemental bill should be disposed of. In this suggestion counsel acquiesced, and the clerk's rough minute of that day contains the notation:

"Mr. Neary moves et for leave to file further supplemental bill.
"Withdraw application for present time."

But the motion and the supplemental bill were then in the clerk's hands, with his notation thereon of the date when they came into his possession, and they have been in his official custody among the papers of the case ever since. The defendants' counsel had notice of the motion, and were acquainted with the contents of the bill; but they did not object, and did not then intend to object, to the mere filing.

I regard what was done on June 4 as the full equivalent of a formal filing and a taking of the motion under advisement, and I think it would be technical in the extreme to hold otherwise. The subject is considered, and cases cited, in 2 Words and Phrases, Second Series, ad verb. "File," in 8 Stand. Ency. Proc. 977 et seq., and in 19 Cyc. 528, 529.

[2] Moreover, if I have any discretion in the matter, I should permit the bill to be filed now. The motion to dismiss Korbly's supplemental bill was not disposed of until January 22, 1918, when the motion was abandoned, and the 4 months' delay of Hamner's counsel after that date to bring his own motion forward is satisfactorily explained and excused by his affidavit. But I think it is sufficient to decide the pending motion on the other ground, and I therefore direct the clerk formally to file the second supplemental bill as of June 4, 1917, and to order answers to be filed thereto within 30 days.