[Sac. No. 549.   Department Two.—October 26, 1899.]

## FRANK M. POTTER, Respondent, v. CLARK RANDOLPH et al., Appellants.

ACTION TO QUIET TITLE—JURISDICTION—CONTEST IN UNITED STATES LAND-OFFICE—DISMISSAL.—The superior court has jurisdiction of an action to quiet title to land at suit of a plaintiff claiming title under a commuted homestead entry and a duplicate receipt for a patent dated prior to the commencement of the action, against a defendant claiming under mining locations; and a dismissal thereof is not required on account of the pendency of a contest between the parties before the United States land department.

ID.—STAY OF PROCEEDINGS—CHARACTER OF LAND—DECISION OF LAND DEPARTMENT—EVIDENCE—RES ADJUDICATA.—The contest in the land department is ground for a stay of proceedings in the action until the character of the land in controversy is fully determined by that department, which has exclusive power to determine that question. The court is bound by the conclusion of the

land department upon that question, and should admit evidence of its final decision, and then proceed to determine the action between the parties, without hearing further proof as to the character of the land.

APPEAL from a judgment of the Superior Court of Amador County and from an order refusing a new trial. R. C. Rust, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, for Appellants.

The court had no jurisdiction of the action, the jurisdiction of the land department over the contest between the parties being exclusive. (*Astiazaran v. Santa Rita Land etc. Co.*, 148 U. S. 80; *United States v. Fletcher*, 147 U. S. 664; *Hays v. Parker*, 2 Wash. Ter. 198; *Adams v. Couch*, 1 Okla. 17; *Herbien v. Warren*, 2 Okla. 4.) The court erred in receiving copies of the decisions of the land officers, without producing the whole record. (*Mason v. Wolff*, 40 Cal. 249; Wharton on Evidence, sec. 822.) The defendant was entitled to prove the mineral character of the land at any time prior to patent. (*Searl v. Placer*, 11 L. D. 441; *Wingate v. Placer*, 22 L. D. 704; *Barden v. Northern Pac. R. R. Co.*, 154 U. S. 288; Rev. Stats., sec. 2318; 2 Lindley on Mines, sec. 542; Code Civ. Proc., sec. 1925.)

William J. McGee, for Respondent.

The decision of the land department was conclusive as to the character of the land. (*Burfenning v. Chicago etc. Ry. Co.*, 163 U. S. 323.) The court had jurisdiction to quiet plaintiff's title under a receiver's receipt. (Code Civ. Proc., sec. 1925; *Laugenour v. Hennagin*, 59 Cal. 625; *Witcher v. Conklin*, 84 Cal. 499; *McDonald v. Edmonds*, 44 Cal. 328; *Kenyon v. Quinn*, 41 Cal. 325; *Goodwin v. McCabe*, 75 Cal. 584; *Whittaker v. Pendola*, 78 Cal. 296.) The stay of proceedings to await the determination of the contest was all that was required, under the authorities cited for defendant.

THE COURT.—The action was to quiet title to land, and the appeal is from the judgment and from an order refusing a new trial.

Plaintiff claims title derived from the United States under a commuted homestead entry, and a duplicate receipt for a patent dated prior to the commencement of the action.

The answers set up claims to portions of the land under mining locations and aver a contest with plaintiff, still pending in the United States land department, and contend that, therefore, the superior court had no jurisdiction to render judgment "until said cause in said land department of the United States has been fully determined." The matter of the contest was whether the land was more valuable for mineral than for agricultural purposes, and the court found that such contest, at the time of the trial, had been determined in favor of plaintiff, and that he was, therefore, entitled to his patent, and consequently to judgment.

The appellants contend that the court had no jurisdiction of a suit to quiet title while the contest for the right to purchase was pending in the landoffice; that the question of title depended upon the further question as to whether the land claimed was mineral or not. If mineral, plaintiff had no title and could acquire none, and, therefore, as soon as the nature of the issue was made to appear the court should have dismissed the action, as it had no jurisdiction to determine that question. A special tribunal had been created by Congress to determine such matters, and that tribunal alone could determine the issue.

The court certainly had jurisdiction of the cause. The real contention was that it could not determine the issues raised by the pleadings, because they involved a question which it could not try and for the determination of which a special tribunal had been created. If that were so a dismissal would have been the proper course. But was it so? *Astiazaran v. Santa Rita Land etc. Co.,* 148 U. S. 80, is cited as authority. That was an action to quiet title, brought in the territorial courts of Arizona. The land was claimed under an unconfirmed Mexican grant. Congress did not establish a tribunal to determine the validity of such grants, but by law directed the surveyor general to ascertain certain facts and report to Congress with his decision as to the validity of the grant. When Congress confirmed the decision it was final. It does not appear that the title conferred

any rights as to possession or otherwise until confirmed. (*Pinkerton v. Ledoux*, 129 U. S. 346.)

The court said, in substance, that the suit was, in effect, to determine whether the grant was valid. To determine that question a special tribunal had been provided; therefore, the judiciary cannot act upon it while the matter is pending in the special tribunal, "for if Congress should decide the same way as the court, the judgment of the court would be nugatory; and if Congress should decide the other way, its decision would control." That was held valid ground for a dismissal. The cases are not precisely similar. The land department of the United States is not a special tribunal organized to determine who is the owner of land. The department is the medium through which parties may acquire the title of the United States. Its functions are mostly administrative and only incidentally judicial. It determines the existence or nonexistence of alleged facts, to enable it to select the person who is entitled to purchase. The proceeding is to acquire title, not to determine who has it.

The title, when acquired, will, however, for many purposes date back to the first step in the procedure. The court, very properly, then delayed the trial until the question as to the character of the land was determined by the land department, which alone had the power to decide that controversy. The court had jurisdiction of the action, but could not try that particular controversy, which was involved in the action. Being a suit to quiet title, and not to recover possession, there was no special reason for anticipating the action of the department.

The case might have been different had the suit been to recover possession. Whether a person entitled to immediate possession should be kept out until these proceedings were ended may be a serious question. In a suit for possession, the court might be called upon to determine many questions involved in a contest. It would try such questions so far as was necessary to determine the right to the possession. Such trial would not trench upon the jurisdiction of the special tribunal, or affect the proceedings or the force and validity of any title which might be acquired in the proceeding.

We see no error in allowing in evidence the decisions of the

land department, which proved that the controversy had been determined for the plaintiff since the commencement of the action. These executive officers do not enter up judgments or keep records, like the judgment-roll of a court. We are not informed by the parties that notices of appeal were required, or, if so, by whom and to whom they were to be given.

The land department having decided that the land was more valuable for agricultural than for mining purposes, the court was bound by the conclusion and properly refused to consider the evidence upon that subject offered by defendants.

The judgment and order are affirmed.