FREEMONT BERTWELL v. WILLIAM R. HAINES.

(Filed Sept. 5, 1900.)

1. THE TERM "MONTH" DEFINED. The term "month" when used in a statute, unless otherwise provided, means a calendar month, and not a period of 30 days, or a lunar month.

2 FINDINGS OF FACT BY THE INTERIOR DEPARTMENT. Findings of fact made by the secretary of the interior will be treated as conclusive in the absence of the record, or a copy thereof, from which such facts purport to have been found.

3. PRIOR SETTLER—Corroboration of Contest, Object of—Homestead Application—Hearing Ordered, When. Where one claiming a right to a tract of government land by reason of prior settlement, files the proper land office, within three months after the date of his settlement, an application to enter the land, accompanied by an uncorroborated affidavit of contest, alleging in proper form that he is a prior settler on such tract under the rules of the department of the interior, it is the duty of the register and receiver to order a hearing between the entryman and the contestant to determine the rights of priority between them. The object of the rule of the

department of the. interior to the effect that all contests shall be corroborated, was promulgated for the purpose of showing the *bona fides* of such contestant, and such corroboration is not necessary to confer jurisdiction upon such officers to hear such cause. Their jurisdiction is acquired by the issuance and service of notice of contest.

4. RESULTING TRUST—*Action Will Not Lie For, When—Practice—Demurrer, Sustained, When.* Where a court of equity can say that the findings of fact made by the secretary of the interior in a contest case are reasonably supported by the evidence introduced by the opposing parties on the hearing of such contest, and that the facts found support his conclusions of law, it will decline to entertain a bill by the losing party to declare a resulting trust, when such bill discloses the above state of facts, because it fails to state a cause of action, and a demurrer thereto on that ground should be sustained.

(Syllabus by the Court.)

*Appeal from the District Court of Kingfisher County; before John C. Tarsney, District Judge.*

· *W. A. Taylor* and *Dille & Blake,* for appellant.

*W. W. Noffsinger, Geo. B. Robberts* and *J. C. Robberts,* for appellee.

Opinion of the court by

BURWELL, J.: This is an action to declare a resulting trust. The record discloses that the plaintiff on July 22, 1889, filed a homestead entry for the northeast ¼ sec. 12, twp. 19, N., R. 6 W., in Kingfisher county; that the appellee, Haines, on July 22, 1889, filed an application to contest the entry of Bertwell on the ground of prior settlement, claimed to have been made on April 22, 1889, and, at the same time, filed an application to enter the land; but the contest affidavit was not corroborated until August 6, 1889. A trial was had upon due notice, and as a result thereof Bertwell's entry was cancelled,

and Haines awarded the land on the ground that he was a prior settler. Haines then made entry, and, subsequently, upon final proof, secured the patent. After patent, plaintiff commenced this action in the district court of Kingfisher county. The defendant demurred to plaintiff's petition, and the court, after sustaining the demurrer, entered judgment for defendant for costs, from which judgment plaintiff appealed.

1. It is first contended by the plaintiff that, conceding settlement to have been made by Haines on April 22, 1889, he lost all rights (if any he had) under such settlement, by not filing either an application to enter or a duly corroborated affidavit of contest against the entry of plaintiff in the land office, within three months from the date of his alleged settlement. The statutes providing the time in which a settler must assert his claim in writing in the land office uses the expression, "within three months" and there can be no doubt, under the authorities, in the absence of an express statute to the contrary, that the word "month", means a calendar month, and not a lunar month; nor does it mean a period of thirty days. Therefore, any papers filed in the land office by Haines on July 22, 1889, were filed within three months after April 22, 1889. (*Hunt v. Wickliff,* 2 Peters, 201; Tiedeman on Commercial Paper, sec. 316.)

2. But it is contended in the brief of appellant that the appellee did not file an application to enter within the three months immediately following April 22, 1889, under the rule just stated. The original application or a copy thereof, filed by Haines for the tract in controversy, is not attached to and made a part of the petition; that record is not before us. But the land department

found as a fact that this application was filed on July 22, 1889, and, in the absence of the records of the department of the interior, or copies of them bearing upon this particular matter, we must conclude that the finding of the department is correct.

3. Now, what was the effect of the contest filed by Haines against Bertwell's entry, in view of the fact that it was not corroborated by any one until the 6th of August 1889, or fifteen days after the expiration of the three months after settlement? Did he by reason of this fact, lose his right to have the question of priority determined between him and Bertwell? We think not. It has been held by a long line of decisions in the interior department that it is not necessary to file a formal affidavit of contest where one claims by reason of prior settlement, and makes this appear to the department by affidavit. When this is done it is the duty of the department to order a hearing to determine who was the first settler. (*James v. Nolan*, 5 L. D. 526; James A. Forward, 8 L. D. 528; *Willis v. Parker*, 8 L. D. 623; *Baxter v. Criley*, 12 L. D. 684; *Austin v. Thomas*, 6 L. D. 330; *Todd v. Tait*, 15 L. D. 379; *Smith v. Edelman*, 4 L. D. 168, John W. Austin, 18 L. D. 23; Hans Johnson, 3 L. D. 456.)

And again, the department has held that, in case of prior settlement, it is not necessary to file a formal application for entry of a tract already covered by entry, but that a contest affidavit which alleges prior settlement and shows the qualifications of the contestant to make entry, filed within three months after settlement, is sufficient. (*Huntsbacker v. Eickman*, 16 L. D. 270; *Rumbley v. Cansey*, 16 L. D. 260.)

And corroboration of the affidavit neither confers nor defeats jurisdiction of the department to hear and de-

termine the matter at issue in any contest case. Juris-diction is acquired by the issuance and services of notice upon the contestant or adverse claimant, and while it is a rule of the department of the interior that contest affidavits shall be corroborated, this rule is enforced, as repeatedly announced in the land office decisions, for the purpose of satisfying the department of the good faith of the party contesting. (*Shugren et al v. Dillman*, 19 L. D. 453; *Irwin v. Hayden*, 27 L. D. 555.)

If the register and receiver should decide to entertain a contest affidavit that is not corroborated, and order a hearing thereon upon due notice, they have jurisdiction so to do; and if not reversed on appeal in the land de-partment, the courts will not say that the hearing was wrong. Whenever the officers of the interior department order a hearing, their decision as to whether or not such hearing shall be had is final, because the department has the right on its own motion to order a hearing at any time to investigate the legality of an entry or the *bona fides* of the entryman. Therefore the fact that the affi-davit of contest was not corroborated within three months from the date of settlement is immaterial. Then, at any rate, the contest affidavit is in the nature of a pleading which can, in the absence of an intervening right, in the discretion of the officers, be amended at any time before trial on the issue raised by the amendment.

4. The next and last question is, Were the acts of settlement by Haines sufficient to initiate a right to the land and, if so, did he fail to follow up his settlement as required by law? On this point the secretary finds as follows:

"I find the facts to be substantially as set out in the decision now appealed from. Haines' settlement on April

22, 1889, his continued presence in a tent on the land during the four or five days next following, his opening a spring or a well, making a site for a house by four stakes upon which he wrote his name and date of settlement, the plowing of a small piece of ground, and other acts of residence and improvement during that time are clearly shown. At the expiration of that time he left, he alleged, to bring his family from Kingman, Kansas, to their new home on said tract. He did not return with his family until about July 19 or 20, 1889. Upon going to Kingfisher to make his entry on the 20th or 21 of that month he found that tract covered by Bertwell's entry. His only recourse, then, was to initiate a contest, which he did as hereinbefore stated. He alleges, and the testimony shows, that his delay in returning to the tract from Kansas was due to hs own and his wife's sickness and to serious injuries received by the team which he had purchased to convey there his family and household goods.

"I am convinced by the evidence before me that Haines established his residence upon the land in April, 1889, and that he has not since changed it nor formed and carried into effect any intention to abandon his claim. Himself and family have lived upon the land ever since his return in July, 1889. Upon such return he at once commenced and soon thereafter finished his dwelling thereon and a wire fence around the entire tract. He has since cultivated the land and made other improvements. Bertwell had notice of Haines' prior settlement before he made his entry, not only through Haines' improvements, but from friends of the latter, who informed him that Haines was very proud of his claim and would surely contest for his right thereto. Haines' absence from the land between April and July was excusable under the circumstances of the case."

The above findings of fact, in our opinion, are reasonably deducible from the evidence, notwithstanding the fact that the copy of the evidence taken on the hearing

in the land office, which is attached to and made a part of the petition in this case, only contains the evidence offered by Bertwell, and that offered by Haines in rebuttal and omits entirely the evidence offered by Haines in chief, and therefore we must apply the law to these facts as found. We know of no rule as to the exact amount of improvements which are necessary to be made before one can claim prior settlement. Each case must be decided upon its own merits, taking into consideration the opportunity and ability of the settler to make improvements upon his claim under existing circumstances. If the improvements are such as may be seen by other claimants, and are followed up within a reasonable time and in a way that unmistakably shows the good faith of the settler, his rights should be protected. Haines having initiated his right to the land by settlement and followed it up by moving his family upon it at the earliest possible moment the health of himself and family and other conditions would permit, and by making valuable improvements upon the land and residing there and cultivating the same until final proof, we feel that, under all of the circumstances, the greater equities are with him. Bertwell knew of Haines' settlement before he filed; but, even if he had not, his entry was made subject to the prior settler's rights; and it has been held by the supreme court of the United States in *Bohall v. Dilla*, 114 U. S. 51 that "the settler may be excused for temporary absence caused by well founded apprehensions of violence, by sickness, by the presence of an epidemic, by judicial compulsion, or by engagement in the military or naval service," and other authorities could be cited to the same effect.

The petition, taking all of the facts as disclosed by it into consideration, fails to state a cause of action, and a court of equity would not be warranted in taking the legal title away from Haines and giving it to Bertwell. Therefore, the demurrer was properly sustained.

For the reasons stated the judgment of the trial court is hereby affirmed, at the cost of the appellant.

Burford, C. J., not sitting, and McAtee, J., not present; all of the other Justices concurring.