SHELDON v. SEATTER.

YOUNG et al. v. SAME.

(First Division. Juneau. May 2, 1910.)

Nos. 403A, 404A.

PUBLIC LANDS (§ 105*)—MINES AND MINERALS—LAND OFFICE DECISION—CONCLUSIVENESS.

Plaintiff settled upon a tract of land in Alaska under the homestead laws. Subsequently the defendant filed on the same land under the mining law, and thereafter applied for patent. Plaintiff filed an adverse in the United States Land Office, and brought a suit in support thereof. Thereafter plaintiff filed a supplemental complaint, alleging that, since the beginning of the suit, the Land Office had adjudged the contest and held that the land is not mineral in character. Defendant replied thereto, setting up a new discovery of mineral and a new location subsequent to the nonmineral decision in the Land Office.

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

*Held*, that the decision of the Land Office that the land in controversy is not mineral land is binding on this court, and the character of the land fixed thereby will control the court until reversed by the Land Office.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 301–306; Dec. Dig. § 105.*]

This is a suit for the possession of unpatented real property. The complaint alleges that plaintiff and his grantor, being qualified entrymen, in February, 1895, located as a trading and manufacturing site certain lands, including that in dispute; that in 1903 the plaintiff located the same ground as his homestead; that he has complied with all laws and regulations necessary to procure said land and to protect his possession; that in August, 1895, the defendant wrongfully entered upon à portion of said land, and thereafter filed his application in the Land Office for patent to said ground as a placer claim and as a lode claim; that thereafter plaintiff filed his adverse claim in the Land Office and brought this suit in support thereof. The prayer is for possession and recovery of damages.

Subsequently plaintiff filed a supplemental complaint, alleging that, since the commencement of the action, the department of the interior had determined the contest over this land in favor of the plaintiff, deciding that the land was not mineral in character; that the defendant answered, putting in issue the allegations of the complaint, and alleging affirmatively that, since the ruling of the Land Office holding the land non-mineral, the defendant had made a discovery of gold-bearing rock, in place, thereon, and made a new location upon such discovery.

John G. Heid, of Juneau, for plaintiff.

Newark L. Burton, of Juneau, and E. M. Barnes, of Los Angeles, Cal., for defendant.

CUSHMAN, District Judge. The action is tried to the court without a jury. The contested and controlling questions in the case are questions of law. The plaintiff is seeking

to acquire title to the land in dispute from the government under the laws and regulations pertaining to the acquisition of title to nonmineral government land. The defendant is claiming the right to acquire a portion of the land claimed by plaintiff by a compliance with the laws and regulations regarding acquisition of title to mineral land. Each party is endeavoring to get title to what each admits to be government land, subject to disposition under its laws.

The plaintiff claims the land to be nonmineral, and that he has complied with the laws entitling him thereto and to present possession. The defendant claims it to be mineral, and that he has complied with the laws entitling him thereto and to present possession. The defendant further claims that the question of the mineral or nonmineral character of the land is one solely within the jurisdiction of the Land Department. While conceding the allegations of the supplemental complaint to be true, the defendant contends that the finding of the Land Office of the nonmineral character of the land is not conclusive, but that the subsequent discovery claimed to have been made by defendant in the same shaft, after such finding in the Land Office and his location upon the new discovery, leaves the question of the character of the land still open, to be determined by the Land Office only.

The evidence showed that the plaintiff made claim to the land in dispute as alleged in the complaint and prior to any claim of the defendant.

The decision of the Land Office, in the absence of fraud, and possibly other grounds not here involved, upon the question of fact, prior to patent, concludes the courts upon such questions. This includes the question of the mineral or nonmineral character of the ground. Brown v. Hitchcock, 173 U. S. 473, 19 Sup. Ct. 485, 43 L. Ed. 772; James v. Germania Iron Co., 107 Fed. 597, 46 C. C. A. 476; Peyton v. Desmond, 129 Fed. 1, 63 C. C. A. 651; Jeffords v. Hine, 2 Ariz. 162, 11 Pac. 351; Cook v. McCord, 9 Okl. 200, 60 Pac. 497; Bertwell v. Haines, 10 Okl. 469, 63 Pac. 702.

This is undoubtedly the law as to determining equitable title, but it would still seem to be within the province and jurisdic-

4 A.R.—7

tion of courts of general jurisdiction to adjudicate concerning possessory rights, even if the question of the character of the land was involved in determining such rights.    Potter v. Randolph, 126 Cal. 458, 58 Pac. 905.    Even were this not true, the Land Office has determined, as pleaded in the supplemental complaint and proven upon the trial, that the land is nonmineral, which finding is now conclusive upon the court.    That ruling is in effect res judicata, and the character of the land, as fixed by the Land Office ruling, will be binding on all courts, where rights in this land are involved, and until that ruling is reversed or otherwise modified in the Land Office.    The proper proceeding would be to secure a rehearing in that office instead of renewing the controversy in this suit.

Counsel for defendant has produced a number of decisions sustaining his position that section 2326, Rev. St. (U. S. Comp. St. 1901, p. 1430), does not authorize an adverse suit between a mineral and nonmineral claimant to land.

As the Land Office has held this land to be nonmineral, and all of the rights claimed therein by the defendant are based upon his contention that it is mineral, the cases cited would not seem to be applicable, even were the reasoning persuasive, which it is not.

Findings and decree may be prepared awarding the possession of the ground in dispute to the plaintiff, and the court will appoint a referee to mark and establish the boundary between the lands of plaintiff and defendant; costs to be allowed plaintiff, but no damages.