## SCOTT v. OIL WELL SUPPLY CO.

No. 12813—Opinion Filed Feb. 19, 1924.

(Syllabus.)

1. **Appeal and Error—Time for Appeal—Computation.**

The six months period within which an appeal may be perfected to the Supreme Court means six calendar months, and not six lunar months, and where a motion for new trial was overruled on May 13th and the petition in error was filed in the Supreme Court on the 12th day of November following, the appeal was perfected within the time prescribed by law.

2. **Appeal and Error—Modification of Judgment.**

Where it appears from the pleadings and the record that items have been included in the judgment which are separable, the cause will not be reversed, but the judgment will be corrected by this court.

Error from District Court, Murray County; T. P. Clay, Assigned Judge.

Action between the Oil Well Supply Company and W. J. Scott. Judgment for the former, and the latter brings error. Affirmed on condition.

William J. Scott, for plaintiff in error.

Young, Haste & Powell, for defendant in error.

COCHRAN, J. The defendant in error has filed a motion to dismiss the appeal on the ground that the petition in error was not filed in this court within six months from the date the motion for new trial was overruled. The motion for new trial was overruled on May 13, 1921, and the petition in error was filed in this court on November 12, 1921, and was within the six-months period prescribed by statute. The period of six months prescribed in the statute means calendar months, and not a period of 30 days, or a lunar month. Bertwell v. Haines, 10 Okla. 469, 63 Pac. 702.

The plaintiff in error contends that an excessive verdict was returned in this case on account of erroneous instructions given by the trial court. An examination of the testimony introduced discloses that the various items entering into the judgment rendered are separable and the testimony relative to each in uncontradicted. It appears that, in addition to the items of credit which were allowed by the jury, the plaintiff in error was entitled to additional

credits amounting to $58.75. The judgment should be reduced to $210.31, with interest at the rate of six per cent. from the 16th day of August, 1915, and if the defendant in error will file a remittitur in this court of all in excess of the above amount within ten days, this judgment will stand affirmed; otherwise, it will be reversed.

JOHNSON, C. J., and KENNAMER, HARRISON, and LYDICK, JJ., concur.