NEWARK TITLE SUPPLY CORPORATION, PROSECUTOR. v. JOHN M. FLETCHER, OWNER, CHARLES MAURER, BUILDER, FIDELITY UNION TITLE AND MORTGAGE GUARANTY COMPANY, MORTGAGEE, ROSE S. WEISSMAN, MORTGAGEE, AND JOSEPH S. POOSHEJIAN, MORTGAGEE, RESPONDENTS.

Decided February 19, 1930.

For the prosecutor, *George H. Rosenstein.*

For the respondent Fidelity Union Title and Mortgage Guaranty Company, *Hood, Lafferty & Campbell.*

For the respondents Rose S. Weissman and John M. Fletcher, *Julius Stein.*

The opinion of the court was delivered by

CASE, J.   This matter arises on a writ of *certiorari* issued to review a judgment entered in a mechanics' lien action in the District Court of Elizabeth, New Jersey, striking out the complaint upon the ground "that the complaint does not set forth a good and sufficient legal cause of action in that the summons was not issued and the suit was not commenced within the time required by the statute in such case made and provided." The mandate in question is designated an order, but it appears to have the finality of a judgment and will be so treated.

The suit is for materials furnished by the plaintiff to the defendants Fletcher and Maurer, owner and builder, respectively, of a dwelling house then in the process of construction.

The statutory requirement is found in the Mechanics' Lien act (3 *Comp. Stat., p.* 3305, *pl.* 18) and is as follows:

"No debt shall be a lien * * * unless a lien claim is filed * * * within four months from the date of the last work done or materials furnished for which such debt is due * * * nor shall any lien be enforced * * * unless the summons in the suit * * * shall be issued within four months from date of the last work done or materials furnished in such claim."

The complaint alleges that the materials were furnished from August 28th, 1928, up to and including September 25th, 1928, when, as is alleged, the last materials were supplied. The lien claim was filed on January 25th, 1929, in the office of the county clerk and the summons was tested and issued on the same day. The question is whether the lien claim was filed and the summons tested and issued within the statutory period of four months from the date of the last materials furnished. In other words, is the statutory period of four months to be inclusive or exclusive of the day on which the last materials were furnished? The judgment below was based on the proposition that the period was inclusive of the day on which the last materials were furnished and that January 24th was the last day for the filing of complaint and issuing of summons. The matter is moved for argument before me as a single justice.

It must be assumed, I think, that the last materials may have been furnished at any time even up to twelve o'clock midnight of the twenty-four hours constituting the day assigned thereto, namely, September 25th, 1928. If we assume, further, that the statute had required the summons to have been issued within one day from the date of the last materials furnished, the materialman would have had all of September 26th within which to file its complaint and issue its summons. This reasoning necessarily excludes the day on which the last materials were furnished; otherwise no time might be available after the furnishing of the materials within which to institute suit, particularly in view of the fact that the summons must be endorsed by the county clerk

within the same statutory period and that the office of the county clerk is not available to suitors after the termination of the business hours of the day. Had the period of limitation fixed by the statute been seven days, or one week, we should add to the available dates six more days, namely, September 27th, 28th, 29th, 30th, October 1st and 2d. If we are led to this result by making the calculation on an assumed limitation to a day or to a week, we are similarly controlled, it seems to me, when the limitation is on the monthly unit. What is true of a day or week is also true of a month or four months. The day of the last materials furnished is excluded. The four months beginning twelve one o'clock A. M. September 26th ends January 25th midnight. Any step taken prior to the last mentioned hour is within the period of four months. Consequently, the complaint filed and the summons issued on January 25th, 1929, were respectively filed and issued within the statutory period.

The same conclusion was reached by Mr. Justice Garrison, sitting in Circuit Court trials, in the case of *Faith* v. *McNair*, 13 *N. J. L. J.* 44. The only difference in the pertinent law, then and now, is that the period of limitation was then "within one year" (*Rev.* 1877, *p.* 67, *pl.* 13) and is now "within four months." The principle is the same. A like method of computation was assumed in *Melis* v. *Goldstein*, 4 *N. J. Adv. R.* 364. *Contra* is *Warsaw* v. *DeMayo*, 145 *Atl. Rep.* 733.

The second point argued by respondents is not properly before me. It does not enter into the District Court finding now under review.

I conclude that the judgment of the District Court should be reversed.