## In re LYNCH'S ESTATE.
## BRENNAN v. LYNCH.

No. 7951.   Decided March 16, 1953.   (254 P. 2d 454.)

See 62 C. J., Time, sec. 18.  Computation of "month" in construing judicial proceedings.  53 Am. Jur., Time, sec. 11; 97 A. L. R. 982.

*Edward M. Morrissey,* Salt Lake City, for appellant.

*W. D. Beatie,* Salt Lake City, for respondent.

PER CURIAM.

Edna Brennan, the above named respondent, petitioned the court in the above matter for an order directing Margaret M. Lynch, executrix of the above estate, to specifically perform a contract. Upon the trial the court entered judgment in respondent's favor, and appellant moved the court to amend the decree by finding in her favor or to grant a new trial. This motion was denied on November 22, 1952, and on December 8, 1952, appellant served on respondent her notice of appeal but failed to file the same with the court until December 23, 1952. Respondent moves this court to dismiss the appeal for lack of jurisdiction, claiming that the notice was not filed within one month after the motion to amend was denied.

Rule 73, Utah Rules of Civil Procedure, requires an appeal to be taken within one month from the entry of the judgment appealed from, that the time for appeal commences to run and is to be computed from the entry of an order granting or denying a motion to amend the judgment or a motion for a new trial, and that a party may appeal from a judgment by filing with the district court a notice of appeal. Rule 6, U. R. C P., provides that in computing any period of time the day of the act or event after which the designated act or period begins to run is not included.

Appellant contends that by excluding November 22, the day of the act or event from which the period of one month commences to run, her time commences to run on November 23 and that one month after November 23 gives her all day of December 23, the day when the notice of appeal was filed. With this reasoning we do not agree.

One month is a calendar month not a lunar month of 28 days, nor is it necessarily 30 days. Such a month commences at the beginning of the day of the month on which it starts and ends at the expiration of the day before the same day of the next month. Thus a month which starts with the beginning of the first day of a calendar

month would end at the end of the last day of such month, and not at the last end of the first day of the next month. If the month in question commenced on a day other than the first day of such month, such as at the beginning of the 23rd day of such month, it would end at the expiration of the 22nd day of the next month and not at the expiration of the 23rd day of the next month, which would be the beginning of another month. In the present case we exclude from our calculation the day of the act or event after which the designated period of time begins to run, which is November 22, the day on which the motion was overruled, and start counting from the beginning of the 23rd day of that month; from that time one month would end at the expiration of the 22nd day of December, or just before the 23rd commenced, which marked the beginning of another month. To hold in accordance with appellant's argument would require an overlapping of one day into the next month, and a longer period or greater number of days than the month in question contains.

Appellant cites 52 Am. Jur. 337, "time", Section 11, *Bertwell* v. *Haines*, 10 Okl. 469, 63 P. 702; *Warshaw* v. *De Mayo*, N. J. Cir. Ct., 145 A. 733. Those cases do not sustain his contention. The American Jurisprudence citation merely holds that usually the United States Courts hold that a month is a calendar month. The *Bertwell* case holds that July 22 is within three months after April 22, the same as we hold and the *Warshaw* case holds that July 23 is not within four months after March 23, but is the beginning of the fifth month. We have been referred to and have found no case which construes a similar statute in such a manner as to be of aid to appellant and we do not think such construction would be reasonable. Motion to dismiss appeal granted.