**BILL BROWN REALTY, INC.,
Plaintiff and Appellant,**

v.

**Leah N. ABBOTT, Defendant
and Respondent.**

**No. 14649.**

Supreme Court of Utah.

March 25, 1977.

Glen J. Ellis, of Maxfield, Gammon, Ellis & Dalebout, Provo, for plaintiff-appellant.

Gary D. Stott, Provo, for defendant-respondent.

WILKINS, Justice:

Defendant Leah N. Abbott was the owner of a home in the city of Provo, Utah, which she listed for sale through the Plaintiff Bill Brown Realty, Inc., a licensed real estate firm in this State. These parties executed a written listing contract (a form document) on April 25, 1975 in which it stated as pertinent to this suit: that the duration of the term of listing was three months from the date of execution; that a six percent commission would be paid by the defendant if sold within this term as well as within six months after expiration of said listing if sold to anyone to whom the property had been offered or shown during the period of the listing. Additionally the parties agreed in another form document on June 20, 1975 as follows:

> In consideration of your agreement to remove my property from the files of the Multiple Listing Service . . . effective 10 days from date of this withdrawal notice, and the further agreement . . . to withhold your efforts to secure a buyer . . . I agree if said property is sold I will pay your commission as required under terms of the Listing Contract.

At pre-trial of this matter, the District Court for Utah County concluded that there were no disputed issues of fact, instructed both parties to submit motions for summary judgment, which they did, and then granted defendant's motion on the basis that the listing contract had expired by its own terms at midnight July 24, 1975 prior to the sale of the property to one Harry R. Nord

and his wife by defendant on July 25, 1975. Nord was shown the house on July 23, 1975 by defendant. Plaintiff appeals from the District Court's decision.

The transcript of the hearing of oral arguments on these motions held on May 21, 1976 reveals a concentration on the issue of whether the "three month" period mentioned in the listing contract had expired on July 24, 1975 or July 25, 1975, and additionally on an allied point, namely, whether "Date Expires 7–25–75" also stated in subject contract means that July 24, 1975 or July 25, 1975 is the controlling date for termination of the listing contract. And the Court as noted before ruled that July 24, 1975 controlled.

However, another provision of the contract stated that a six percent commission would be paid by defendant if the property was sold within six months after expiration of the listing term to anyone to whom it was shown or offered during that term. There is no dispute that the buyer, Nord, purchased the property of defendant within six months of July 24, 1975 or July 25, 1975, and there is no dispute that the buyer was shown the property within the listing term. Therefore, plaintiff may well prevail, notwithstanding resolution of the "listing term" matter against it unless the "withdrawal notice" document dated June 20, 1975, noted supra, is construed as abrogating the time features of the listing contract. Certainly this June 20, 1975 document is not clear or integrated. Other evidence therefore may be helpful in resolution of this June 20, 1975 document.

On the state of the record before us, defendant is not entitled to summary judgment. The motions for summary judgment, and concomitant pleadings, raise more questions of fact necessary to a disposition of this case than they resolve in addition to those already mentioned. The presence of a dispute as to material facts disallows the granting of a summary judgment.[1]

Reversed and remanded for further proceedings below not inconsistent with this opinion.

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

HALL, Justice (dissenting).

I respectfully dissent since the main opinion digresses into matters not made issues at the trial court level and hence not reviewable here under the well-recognized rules of appellate jurisdiction and authority.

This matter was presented to the trial court on the respective motions of each party for summary judgment and both motions clearly state no facts to be in dispute. Plaintiff's motion specifically states:

It was concluded by the Court and counsel at the pre-trial that there are *only two real issues to be resolved* upon a trial of the matter. The first is a determination as to when the actual sale of the property from Leah N. Abbott to Harry R. Nord took place. The second is the precise time when the listing agreement expired. [Emphasis added.]

In regard to those two issues asserted by plaintiff, it readily admitted the listing agreement was entered into on April 25, 1975 and that the earnest money receipt and offer to purchase by Nord was entered into on July 25, 1975.

The trial court properly found that Rule 6, U.R.C.P. was applicable for procedural purposes and not contract purposes and that in computing any period of time for contract purposes that the day of the act or event after which the designated act or period begins to run is included.[1] To hold in accordance with plaintiff's argument would require an overlapping of one day into the next month, and a longer period or greater number of days than the three month period contained.

The court's determination that the Nord sale was entered into on the date the writ-

---

1. Rule 56(c), Utah Rules of Civil Procedure; *Thompson v. Ford Motor Co.,* 16 Utah 2d 30, 395 P.2d 62 (1964); *Pace v. Pace,* Utah, 559 P.2d 964 (1977).

1. *In re Lynch's Estate. Brennan v. Lynch,* 123 Utah 57, 254 P.2d 454 (1953).

**240**

ten instrument bears, July 25, 1975, was certainly a reasonable and proper interpretation of the evidence before him and should not be disturbed.

The Court should be affirmed.