1999 UT 58

**Georgiy G. SEMENOV, Plaintiff and Appellant,**

v.

**Harold J. HILL, Hill Daw, Inc., and Does One through Ten, Defendants and Appellees.**

**Harold J. Hill, Third–Party Plaintiff,**

v.

**Silvia Luker and Wardley CN Better Homes and Gardens Realtors, Third–Party Defendants.**

No. 980221.

Supreme Court of Utah.

June 11, 1999.

Rehearing Denied July 26, 1999.

true, the remedy would not be a ruling that Cigna had waived its right to have the dispute arbitrated.

J. Douglas Kinateder, Salt Lake City, for plaintiff.

Richard W. Casey, Wesley D. Felix, Kevin Joseph Simon, Neil Sabin, Salt Lake City, for defendants.

ZIMMERMAN, Justice:

¶ 1 The plaintiff Georgiy G. Semenov ("Semenov") filed a complaint in Third District Court to rescind a real estate purchase contract that he entered with defendant Harold J. Hill ("Hill") for an Eat–A–Burger restaurant. Both Semenov and Hill moved for summary judgment. The trial judge granted Hill's motion and denied Semenov's. The order states that

> The [c]ourt has determined that the uncontroverted evidence in the record demonstrates that there is no genuine dispute of material fact.... [T]he [c]ourt does hereby find that the examination of the plaintiff, taken in the English language, flowed sufficiently to demonstrate that the plaintiff had sufficient understanding of the language and sufficient sophistication to understand the transaction he entered into with defendant Hill.

Semenov argues that the district court's decision should be reversed and this matter re-manded for trial because the question of whether he had adequate English language and reading skills to permit an understanding of the contract with Hill is a disputed question of material fact. We agree and reverse and remand for further proceedings.

¶ 2 We first address the standard of review. Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c); *see also Heglar Ranch, Inc. v. Stillman,* 619 P.2d 1390, 1391 (Utah 1980); *Bill Brown Realty, Inc. v. Abbott,* 562 P.2d 238, 239 (Utah 1977). In this case, we must determine "whether the trial court correctly held that there were no disputed issues of material fact." *Gold Standard, Inc. v. Getty Oil Co.,* 915 P.2d 1060, 1063 (Utah 1996) (internal quotations and citation omitted).

¶ 3 Although Semenov's brief does not provide all the relevant background information about the transaction, additional uncontroverted information was revealed at oral argument before this court, and we incorporate it here.

¶ 4 Semenov is a Russian immigrant who came to the United States in 1991. In October of 1994, Semenov contacted a real estate agent regarding a classified advertisement for an Eat–A–Burger restaurant ("the restaurant") located in downtown Salt Lake City. Shortly thereafter, through his realtor, Semenov offered to purchase the restaurant from Hill Daw, Inc. On October 28, 1994, after Hill made some modifications to the two-page standard form real estate purchase contract, Semenov's offer was accepted by Hill Daw, Inc., with Hill acting as owner and listing agent.

¶ 5 On November 16, 1994, Semenov and Hill attended the closing. Semenov alleges that when he arrived, he was presented with a twenty-page purchase agreement that he had never before seen. He asserts that he lacked both the ability and time to read the agreement before signing it and that, after the closing, he learned it revealed the restaurant was operating at a loss. He alleges that this is contrary to what Hill had told him and that if he had had the time and ability to

read the documentation, he would not have purchased the restaurant. Semenov now seeks to set aside the contract.

¶ 6  Hill, on the other hand, contends that Semenov's alleged deficiency in the English language is not a legal ground for rescission, and, therefore, the district court's decision should stand.

¶ 7  We address the issues in this order: (i) whether the factual allegations are sufficient to support a cause of action for breach of fiduciary duty; (ii) whether the factual allegations are sufficient to support a cause of action for fraud; and (iii) whether the disputed fact as to Semenov's English proficiency is material, given our rulings on points (i) and (ii).

¶ 8  Semenov first contends that at the closing a fiduciary duty arose. He alleges that Hill became angry with him when he hesitated to sign the twenty-page document and that Hill implied that Semenov should trust Hill. This implied assertion, Semenov contends, gave rise to a fiduciary duty. Even assuming that Semenov trusted and relied upon Hill's alleged implied representation, merely depending on another does not create a fiduciary relationship. *See* 17 C.J.S. *Contracts* § 132 (1963). Any such dependence must be reasonable. On the facts alleged, any such dependence would not be reasonable as a matter of law, particularly given that "the general rule is no fiduciary obligations exist between a buyer and seller of any property." *Dugan v. Jones*, 615 P.2d 1239, 1248 (Utah 1980). Because "[o]rdinarily there is no fiduciary relation in case of a contract duty, since the rights and duties of parties to a contract may generally be freely transferred, parties may act for their own interests during the execution of a contract, and they have no duty of loyal representation of the opposing party," we decline to hold that, on the facts as alleged, Hill owed a fiduciary duty to Semenov. 17 C.J.S. *Contracts* § 1(2) (1963).

¶ 9  Semenov's next claim is that Hill defrauded him. An action for fraud lies where there "are false representations by defendant and reliance thereon by plaintiff to his damage." 37 C.J.S. *Fraud* § 7 (1997). "Fraud is a generic term which embraces all the multifarious means which human ingenu-ity can devise and are resorted to by one individual to gain an advantage over another by false suggestions or by suppression of the truth." *Id.* § 2.

> Under Utah law, to bring a claim sounding in fraud, a party must allege (1) that a representation was made (2) concerning a presently existing material fact (3) which was false and (4) which the representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient knowledge upon which to base such representation, (5) for the purpose of inducing the other party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity, (7) did in fact rely upon it (8) and was thereby induced to act (9) to that party's injury and damage.

*Educators Mut. Ins. Ass'n v. Allied Property & Cas. Ins. Co.*, 890 P.2d 1029, 1032 (Utah 1995) (citations omitted).

¶ 10  Semenov contends that Hill defrauded him at the closing when Hill knowingly and falsely orally represented that the restaurant was operating at a profit in order to induce him to close. Semenov asserts that his reliance on Hill's misrepresentation was reasonable because Semenov lacked sufficient English proficiency to read the lengthy contract presented for his signature. Semenov further asserts that he was damaged when he was forced to forfeit the restaurant to Hill because he was unable to afford to operate it at a loss.

¶ 11  Hill contends that, as a matter of law, Semenov's allegations cannot support a claim of misrepresentation. He asserts that the documentation available at the closing showed the business to be losing money and that Semenov could not have relied reasonably upon any oral representations to the contrary. Hill relies on our decision in *Gold Standard* as disposing of Semenov's claim that language difficulties can create a triable issue of fact that would be material to a fraud claim. Hill relies on the statement in *Gold Standard* that "[u]nder the law of this state, a party cannot reasonably rely upon oral statements by the opposing party in light of contrary written information" to support his claim that a dispute over Semenov's English proficiency is not a dispute over a "material" fact. 915 P.2d at 1068.

¶ 12   *Gold Standard* is inapposite. That case did not involve a party asserting a language deficiency; rather, it involved two sophisticated parties proficient in English. Here, the question of Semenov's language capability is material to his fraud claim.   It is true that the general rule pertaining to acceptance of an offer by signing is that "[w]here a person signs a document, he is not permitted to show that he did not know its terms, and *in the absence of fraud or mistake* he will be bound by all its provisions, even though he has not read the agreement and does not know its contents."   17 C.J.S. *Contracts* § 41(f) (1963) (emphasis added); *see also id.* § 139;   Restatement (Second) of Contracts § 157 cmt. b (1981).   However, it is also true that "the illiteracy of a party has an important bearing on the question of the existence of fraud in procuring [a] signature."   17 C.J.S. *Contracts* § 139 (1963). Semenov's English proficiency or the lack thereof is a material fact that "should be considered in determining whether or not he has been defrauded."   *Id.*

¶ 13   Because Semenov and Hill disagree on the state of Semenov's English proficiency at the time of the closing, a factual dispute exists which must be resolved by a jury or a judge after an evidentiary hearing.   Our decision to remand this case is consistent with *Heuter v. Coastal Air Lines Inc.,* where a New Jersey court overturned a summary judgment in favor of the defendant and held that a jury should decide whether an uneducated and illiterate non-English-speaking plaintiff should be bound to a release form he signed with an airline when the contents of the writing were unknown to him.   12 N.J.Super. 490, 79 A.2d 880, 883 (App.Div. 1951).

¶ 14   Reversed and remanded for further proceedings.

¶ 15   Chief Justice HOWE, Associate Chief Justice DURHAM, Justice STEWART and Justice RUSSON concur in Justice ZIMMERMAN's opinion.