RANKIN v. MILLER et al.

(Circuit Court, D. Delaware. May 11, 1904.)

No. 231.

1. EQUITY—PLEADING—DEMURRER—ANSWER.

It is within the sound discretion of a circuit court of the United States sitting in equity, when promotive of justice, to decline to decide a suit on demurrer to a bill and to overrule the demurrer and require an answer, reserving to the defendant the right to claim and take by answer whatever advantage might otherwise have been secured by the demurrer.

(Syllabus by the Court.)

In Equity.

Andrew C. Gray and Asa W. Waters, for complainant.

Saulsbury, Ponder &.Curtis, for defendants.

BRADFORD, District Judge. George C. Rankin, receiver of The First National Bank of Alma, Kansas, has filed his bill against the executors and trustees under the will of Robert H. Miller, deceased, the surety in the testamentary bond of the executors, and the legatees and devisees of the decedent, to enforce an alleged statutory liability founded on the ownership by the decedent at the time of his death of shares of the capital stock of the above named bank. Each of the defendants separately has demurred to the bill and assigned twelve grounds which are identical in each and every demurrer. After careful consideration of the bill and the exhibits made part thereof, in connection with the various grounds of demurrer assigned, and the arguments of counsel, I am satisfied that this suit should not be finally or otherwise decided on demurrer, but only after answer and the production of evidence. The latter course is better calculated to secure an intelligent and just decision; the right being reserved to those properly made defendants to claim and take by answer the same advantage which otherwise they might have enjoyed under the demurrers. It is well settled that the adoption of such a course when promotive of justice, is within the sound discretion of the court. The bill, however, clearly cannot be sustained against The Equitable Guarantee and Trust Company, surety on the testamentary bond of the executors. No appropriate relief, if, indeed, any relief, is prayed against that company. Nor can the court in this suit, under the prayer for other and further relief, grant any against it. Wholly aside from the effect of the statutory limitation applicable in Delaware to suits on testamentary bonds, section 1, c. 123, Rev. Code Del. p. 888, it would not accord with the prin-

ciples regulating the exercise by this court of its jurisdiction in equity to enter, on the case as made by the bill, any decree against the surety. Leave will be granted to the complainant to amend his bill on or before the first Monday in June next by striking out The Equitable Guarantee and Trust Company as a party defendant; and in case the bill shall be so amended the demurrers will be overruled and the remaining defendants required to answer by the first Monday in July next, with the right by answer to claim and take the same advantage which they might otherwise have secured by demurrer. In case the bill shall not be so amended, the same will be dismissed with costs, but without prejudice.