[No. 25238. *En Banc.* March 2, 1935.]

THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
*Respondent,* v. THE STATE TAX COMMISSION
*et al., Appellants.*[1]

*The Attorney General* and *R. G. Sharpe, Assistant,*
for appellants.

[1]Reported in 42 P. (2d) 420.

*McMicken, Ramsey, Rupp & Schweppe,* for respondent.

*A. C. Van Soelen* and *Walter L. Baumgartner, amici curiae.*

MAIN, J.—The plaintiff by this proceeding sought to restrain the tax commission of this state and the members thereof from enforcing chapter 191 of the Laws of 1933, p. 869, Rem. 1934 Sup., § 8326-1 [P. C. § 7068-31] *et seq.,* generally known as the occupation tax law. To the amended complaint, which will be referred to as the complaint, a demurrer was interposed and overruled. The defendants did not elect to stand upon their demurrer, and did not refuse to plead further. A temporary injunction was issued to preserve the *status quo* until the cause could be tried upon its merits. From the judgment granting the temporary injunction, the defendants have appealed.

As appears from the complaint, the respondent owns and operates a telephone and telegraph system in the states of Washington, Oregon, California and Idaho, furnishing to the public telephone exchange service, both interstate and intrastate. It is alleged that the interstate and intrastate business are inseparable, commingled and mutually dependent, and that both classes of business are done over the same telephone and telegraph lines through the same exchanges, operated by the same employees and with the same facilities.

The appellants not having elected to stand upon their demurrer and not having refused to plead further, the ruling of the court upon the demurrer is not now before us, as no appeal lies from the overruling of the demurrer unless the party adversely affected elects to stand thereon and refuses to plead further and a judgment is entered. *Morrison v. Bernot,* 58

Wash. 302, 108 Pac. 772; *Le Blank v. Eller,* 118 Wash. 353, 203 Pac. 960.

 Appellants appear to have recognized this rule and did not attempt to appeal from the ruling on the demurrer, but limited the appeal to the injunction. It is their contention that, before a temporary injunction can be issued, it is necessary for the court to pass upon and determine that the complaint states a cause of action.

Rem. Rev. Stat., § 719 [P. C. § 8053], provides that:

"When it appears by the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of some act the commission or continuance of which during the litigation would produce great injury to the plaintiff; . . . an injunction may be granted to restrain such act or proceedings until the further order of the court, which may afterwards be dissolved or modified upon motion."

It will be observed that this statute says that a temporary injunction may be issued when it "appears by the complaint" that the plaintiff is entitled to the relief demanded. Construing that statute in the case of *Hansen v. Runkel,* 177 Wash. 384, 32 P. (2d) 103, it was said, in effect, that, before a temporary injunction should be issued, the complaint must *prima facie* state a cause of action. That rule, however, is subject to an exception, in that it will not be rigorously applied when the questions of law or fact to be ultimately determined in the cause are grave and difficult, the injury to the moving party would be immediate, certain and great, and the loss or inconvenience to the opposing party would be comparatively small or insignificant if the writ should be granted.

In *Allison v. Corson,* 88 Fed. 581, it is said:

"A preliminary injunction, maintaining the status quo, may properly issue whenever the questions of law

or fact to be ultimately determined in a suit are grave and difficult, and injury to the moving party will be immediate, certain, and great if it is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted. [Citing authorities.]''

The cases of *Joplin & Pittsburg Ry. Co. v. Public Service Commission,* 267 Fed. 584; *Weeks v. Goltra,* 7 Fed. (2d) 838; *Rankin v. Miller,* 130 Fed. 229; and *Snyder v. DeForest Wireless Telegraph Co.,* 154 Fed. 142, are to the same effect.

The cases of *De Rees v. Costaguta,* 275 Fed. 172, and *Boynton v. Mills Novelty Co.,* 60 Fed. (2d) 125, are not out of harmony with the rule stated, because in neither of those cases were the questions of law and fact to be ultimately determined in the action grave and difficult. The same distinction exists as to the other cases cited by the appellants and not herein specifically mentioned.

In the case now before us, as appears from the allegations in the complaint, there are grave and difficult questions of law and fact to be ultimately determined, one of which is whether the respondent can, either as a matter of fact or law, withdraw from its intrastate business without also withdrawing from its interstate business; and this presents a Federal question which can only be determined with finality when the United States supreme court speaks thereon.

■ Where the objection to the tax is based upon constitutional grounds, the statute appears to recognize the right to injunctive relief; for, in chapter 191, Laws of 1933, p. 884, § 13, Rem. 1934 Sup., § 8326-13 [P. C. § 7068-43], it is provided that no restraining order or injunction shall be granted or issued by any court or judge to restrain or enjoin the collection of any tax or penalty imposed by the act, or any part thereof, ''except upon the ground that the assessment

thereof was in violation of the constitution of the United States or that of the State of Washington.''

■ Attention is called to chapter 10 of the Laws of 1933, Ex. Ses., p. 22, which made an appropriation for the purpose of paying any and all ''judgments ordering the repayment and refunding of any taxes paid under the provisions of this act by any and all public service companies doing an interstate business.'' That act was passed after the present suit had been instituted, and did not deprive the superior court of its equitable jurisdiction in the matter.

In *Dawson v. Kentucky Distilleries & Warehouse Co.*, 255 U. S. 288, 41 S. Ct. 272, it was said:

''Nor is the equitable jurisdiction lost because since the filing of the bill an adequate legal remedy may have become available.''

No financial loss can occur to the state by reason of the delay in the payment of the tax if it is ultimately determined to be a legal obligation, because the state is adequately protected by the penalty and lien provisions of the statute. On the other hand, if the tax should be paid and later held invalid, and before a judgment of refund could be obtained the appropriation mentioned should lapse, the time of the refund would depend upon the will of the legislature.

Nothing that is said in this opinion is to be construed as expressing or intimating any opinion upon any question that may arise upon the merits.

For the reasons stated, the trial court did not abuse its discretion in granting a temporary injunction to preserve the *status quo* until the cause could be tried upon its merits.

The order appealed from will be affirmed.

MILLARD, C. J., MITCHELL, HOLCOMB, BEALS, and STEINERT, JJ., concur.

BLAKE, J. (dissenting)—I think the temporary injunction was improvidently issued, in view of the decision of this court in *Pacific Tel. & Tel. Co. v. Seattle,* 172 Wash. 649, 21 P. (2d) 721, and the decision of the supreme court of the United States in the case of *Ratterman v. Western Union Telegraph Co.,* 127 U. S. 411, 8 S. Ct. 1127.

In the former case, this court, on demurrer to the complaint, upheld an ordinance of the city of Seattle which, in terms and effect, imposed a tax on the telephone company in no essential respect different from the tax imposed under chapter 191, Laws of 1933, p. 869, Rem. 1934 Sup., § 8326-1 [P. C. § 7068-31] *et seq.* That decision was affirmed by the supreme court of the United States. *Pacific Tel. & Tel. Co. v. Seattle,* 291 U. S. 300, 54 S. Ct. 383.

In *Ratterman v. Western Union Telegraph Co., supra,* the question presented here was raised, and the court summarily disposed of it in the following language:

"With regard to the question which is certified to us as dividing the opinions of the judges of the Circuit Court, we do not think that there is any difficulty, and can hardly see how it arose in the present case. That question is 'whether a single tax, assessed under the Revised Statutes of Ohio, § 2778, upon the receipts of a telegraph company, which receipts were derived partly from interstate commerce and partly from commerce within the State, but which were returned and assessed in gross and without separation or apportionment, is wholly invalid, or invalid only in the proportion and to the extent that said receipts were derived from interstate commerce.'

"We do not think this particular question is material in this case, because the state of facts agreed upon by the parties makes this separation and presents the matter to the court, freed from the point raised by the question that the tax was not separable. Nor do

we believe, if there were allegations either in the bill or answer setting up that part of the tax was from interstate commerce and part from commerce wholly within the state, that there would have been any difficulty in securing the evidence of the amount of receipts chargeable to these separate classes of telegrams, by means of the appointment of a referee or master to inquire into that fact and make report to the court. Neither are we of opinion that there is any real question, under the decisions of this court, in regard to holding that, so far as this tax was levied upon receipts properly appurtenant to interstate commerce, it was void, and that so far as it was only upon commerce wholly within the state it was valid. . . .

"This ruling shows that where the subjects of taxation can be separated so that that which arises from interstate commerce can be distinguished from that which arises from commerce wholly within the State, the court will act upon this distinction, and will restrain the tax on interstate commerce while permitting the state to collect that arising upon commerce solely within its own territory. . . .

"Under these views, we answer the question, in regard to which the judges of the Circuit Court divided in opinion, by saying that a single tax, assessed under the Revised Statutes of Ohio, upon the receipts of a telegraph company which were derived partly from interstate commerce and partly from commerce within the State, but which were returned and assessed in gross and without separation or apportionment, is *not* wholly invalid, but is invalid only in proportion to the extent that such receipts were derived from interstate commerce."

The *Ratterman* case was cited with approval in the comparatively recent case of *Bowman v. Continental Oil Co.,* 256 U. S. 642, 41 S. Ct. 606, where the court said:

"The applicable rule is that laid down in *Ratterman v. Western Union Telegraph Co.,* 127 U. S. 411, where in response to a question whether a single tax, assessed

by a state upon the receipts of a telegraph company derived partly from interstate commerce and partly from commerce within the state, but returned and assessed in gross and without separation or apportionment, was wholly invalid or invalid only in proportion and to the extent that the receipts were derived from interstate commerce, this court unanimously answered that so far as levied upon receipts derived from interstate commerce the tax was void, but so far as levied upon receipts from commerce wholly within the state it was valid. This case has been cited repeatedly with approval and its principle accepted. *Western Union Telegraph Co. v. Alabama,* 132 U. S. 472, 476-477; *Lehigh Valley R. R. Co. v. Pennsylvania,* 145 U. S. 192, 200-201; *Postal Telegraph Cable Co. v. Charleston,* 153 U. S. 692, 697; *Western Union Telegraph Co. v. Kansas,* 216 U. S. 1, 31.''

In face of these decisions, I think the trial court was utterly unwarranted in stopping the machinery of taxation upon a bare allegation that plaintiff was engaged in both interstate and intrastate business, and that the two are so commingled as to be inseparable. Unless these cases are to be overruled or abandoned, it does not appear to me that the ''questions of law or fact to be ultimately determined'' in the instant case are either so grave or so difficult as to justify the issuance of·an injunction pending the action.

GERAGHTY, J., concurs with BLAKE, J.