[No. 28936. Department Two. June 14, 1943.]

SAMUEL ANDERSEN et al., Respondents, v. KING COUNTY, et al., Appellants.[1]

B. Gray Warner, Solie M. Ringold, Lloyd Shorett, and Edwin C. Ewing, for appellants.

George E. Clarke and Max R. Nicolai, for respondents.

BLAKE, J.—Plaintiff brought this action, praying that "an injunction be issued permanently restraining the defendants and each of them, from collecting or at-

[1]Reported in 138 P. (2d) 872.

tempting to collect" personal property taxes levied against plaintiffs for the years 1931 and 1932. They alleged that the taxes had been paid. They also alleged that the defendant treasurer had issued a warrant of distraint on their automobile " 'and/or other goods and chattels.' "

The defendants interposed a demurrer to the complaint, which the court overruled. Defendants answered by way of general denial. Upon the issues joined, the cause was tried, and decree was entered enjoining the defendants from collecting or attempting to collect from plaintiffs "any taxes which remain upon the tax rolls as assessed and levied against the plaintiffs for the years of 1931 and 1932." Defendants appeal.

■ They contend that their demurrer to the complaint should have been sustained on the ground that the court had no jurisdiction of the subject matter of the action. The contention is based upon the Laws of 1931, chapter 62, page 201, § 1 (Rem. Rev. Stat., § 11315-1 [P. C. § 6882-189]), which provides:

"Injunctions and restraining orders shall not be issued or granted to restrain the collection of any tax or any part thereof, or the sale of any property for the non-payment of any tax or part thereof, except in the following cases:

"(1) Where the law under which the tax is imposed is void; and

"(2) Where the property upon which the tax is imposed is exempt from taxation."

The constitutionality of the section and the act of which it is a part was upheld in *Casco Co. v. Thurston County*, 163 Wash. 666, 2 P. (2d) 677, 77 A. L. R. 622. It is universally held that, under such statutes, the power of the court to grant injunctions to restrain the collection of taxes is limited to the exceptions contained in the statute itself. See cases cited in *Casco Co. v. Thurston County, supra.*

In *Snyder v. Marks*, 109 U. S. 189, 27 L. Ed. 901, 3 S. Ct. 157, of such a statute, it was said, p. 193:

"The remedy of a suit to recover back the tax after it is paid is provided by statute, and a suit to restrain its collection is forbidden. The remedy so given is exclusive, and no other remedy can be substituted for it."

To the same effect is *Weyerhaeuser Timber Co. v. School Dist. No. 118*, 7 Wn. (2d) 683, 110 P. (2d) 872.

Under our statute, the court has no jurisdiction to grant injunctions restraining the collection of taxes except in cases "where the law under which the tax is imposed is void, and where the property upon which the tax is imposed is exempt from taxation."

There is no allegation in the complaint bringing the case under either exception; indeed, it affirmatively appears from the complaint that the property upon which the tax was levied was not exempt—"being levied on the boat 'Shiba,' a truck and machinery, office furniture and fixtures, and two automobiles then owned by plaintiffs."

The fact that respondents claim and allege that the taxes were paid cannot serve to extend the jurisdiction of the court beyond the bounds fixed by the statute. To hold that the court has jurisdiction to issue an injunction upon such an allegation would be nothing short of judicial legislation. Such a holding would simply inject into the statute a further exception which the legislature did not see fit to include.

Section 7 of the 1931 Laws, as amended by the Laws of 1939, chapter 206, p. 772, § 49 (Rem. Rev. Stat. (Sup.), § 11315-7 [P. C. § 6882-195]), provides:

"Except as permitted by this act, no action shall ever be brought or defense interposed attacking the validity of any tax, or any portion of any tax: *Provided, however*, That this section shall not be construed as depriving the defendants in any tax foreclosure proceeding of any valid defense allowed by law to the tax sought to be foreclosed therein except defenses based upon alleged excessive valuations, levies or taxes."

■ Plainly, this section does not in any way enlarge the court's jurisdiction to grant injunctive relief as circumscribed in § 1. Payment is, of course, a defense to any *action* brought to collect taxes or foreclose a tax lien. Naturally, in distraint proceedings, the defense of payment is not available to the taxpayer. But the statute has substituted what is universally held to be an adequate remedy: payment of the tax under protest with the right of action to recoup. *Casco Co. v. Thurston County, supra.* "The remedy so given is exclusive, and no other remedy can be substituted for it." *Snyder v. Marks, supra,* p. 193; *Weyerhaeuser Timber Co. v. School Dist. No. 118, supra.*

The demurrer to the complaint should have been sustained. The decree is reversed and the cause is remanded, with direction to dismiss the action.

SIMPSON, C. J., ROBINSON, and GRADY, JJ., concur.

BEALS, J. (concurring in the result)—In my opinion, when the tax for a certain year against specific property, real or personal, is paid, that property becomes "exempt from taxation," within the provisions of Rem. Rev. Stat., § 11315-1, quoted in the majority opinion. The property may not be required to pay the tax a second time, and is therefore exempt. It is my opinion, therefore, that, as the complaint in this action alleged that the tax which the county was asserting against respondents' property had been paid, the complaint was not obnoxious to a demurrer. I am of the view, however, that respondents failed to prove that the tax had been paid, and that they showed no other legal reason which supports the judgment from which the county has appealed.

I accordingly agree with the majority that the decree appealed from should be reversed and the action dismissed.