[No. 30637. *En Banc.* January 24, 1949.]

STEPHEN J. O'BRIEN, *Appellant,* v. L. R. JOHNSON, *as Treasurer of Pierce County, Respondent.*[1]

*Fred C. Dorsey* and *Frank J. Ruff,* for appellant.

*Patrick M. Steele, Hardyn B. Soule,* and *John B. Krilich,* for respondent.

[1] Reported in 202 P. (2d) 248.

HILL, J.—We are confronted with the following question: May an injunction ever issue to restrain a county treasurer from seizing or distraining personal property to enforce the payment of personal property taxes *which have been paid*, when the date on which the tax sought to be collected was first due is so long past that the remedy given to the taxpayer by the provisions of Rem. Rev. Stat. (Sup.), § 11315-2, is no longer available?

We must, in answering that question, give consideration to some of the provisions of chapter 62, p. 201, of the Laws of 1931 (Rem. Rev. Stat., §§ 11315-1 to 11315-8, inclusive) as amended by chapter 11, p. 19, of the Laws of 1937 and chapter 206, p. 720, of the Laws of 1939. Rem. Rev. Stat., § 11315-1, provides that the collection of any tax shall not be restrained or enjoined except (1) where the law under which the tax is imposed is void, or (2) where the property upon which the tax is imposed is exempt from taxation. The following section, Rem. Rev. Stat. (Sup.), § 11315-2, gives what was supposed to be an adequate remedy for any taxpayer by providing for payment of taxes under protest, with the right to maintain an action to recover the amount so paid. This remedy is adequate in most cases. However, Rem. Rev. Stat. (Sup.), § 11315-6, provides:

". . . No action instituted pursuant to this act or otherwise to recover any tax levied or assessed subsequent to the passage of this act shall be commenced after the 30th day of the next succeeding June following the year in which said tax became payable."

The question as heretofore stated comes before us by reason of an appeal from a judgment of dismissal entered after a demurrer had been sustained to the appellant's complaint, which alleged that the treasurer of Pierce county was threatening to and would, unless restrained, seize and distrain property of the appellant in 1947, to collect personal property taxes for the years 1931, 1932, 1933, 1934, and 1936. The complaint further alleged that the taxes in question had theretofore been paid. A temporary restraining order *pendente lite* was prayed for, with a permanent injunction or restraining order to follow.

The appellant points out and the respondent agrees that, even if the appellant were to pay the taxes for the years 1931, 1932, 1933, 1934, and 1936 under protest, Rem. Rev. Stat. (Sup.), § 11315-6, *supra*, bars any action to recover the amount so paid. The appellant does not contend that the taxes for those years are void or that the property upon which the tax is imposed is exempt from taxation, but alleges that the taxes for those years have been paid. He has, therefore, no alternative but to pay the taxes again (with no right to maintain an action to recover the taxes so paid) or permit the county to distrain his personal property and sell the same. Rem. Rev. Stat. (Sup.), § 11315-2, as limited by Rem. Rev. Stat. (Sup.), § 11315-6, presents no remedy, adequate or otherwise, to a taxpayer in the position of the appellant.

The trial court, while appreciative of the appellant's dilemma and of the fact that he had no adequate remedy, was of the view that the demurrer to the appellant's complaint must be sustained because we had ruled on the specific question presented, in *Andersen v. King County,* 18 Wn. (2d) 176, 138 P. (2d) 872, in which we said:

"Under our statute, the court has no jurisdiction to grant injunctions restraining the collection of taxes except in cases 'where the law under which the tax is imposed is void, and where the property upon which the tax is imposed is exempt from taxation.' . . .

"The fact that respondents claim and allege that the taxes were paid cannot serve to extend the jurisdiction of the court beyond the bounds fixed by the statute. To hold that the court has jurisdiction to issue an injunction upon such an allegation would be nothing short of judicial legislation. Such a holding would simply inject into the statute a further exception which the legislature did not see fit to include.

. . .

"Payment is, of course, a defense to any *action* brought to collect taxes or foreclose a tax lien. Naturally, in distraint proceedings, the defense of payment is not available to the taxpayer. But the statute has substituted what is universally held to be an adequate remedy: payment of the tax under protest with the right of action to recoup. *Casco Co. v. Thurston County, supra* [163 Wash. 666, 2 P. (2d)

677, 77 A. L. R. 622]. 'The remedy so given is exclusive, and no other remedy can be substituted for it.' *Snyder v. Marks, supra* [109 U. S. 189, 27 L. Ed. 901, 3 S. Ct. 157], p. 193; *Weyerhaeuser Timber Co. v. School Dist. No. 118, supra* [7 Wn. (2d) 683, 110 P. (2d) 872]."

█ The trial court was entirely justified in taking the position that our holding in the *Andersen* case was controlling in the present case. However, we are reversing the ruling of the trial court, as the trial judge stated he hoped we would do, because a majority of this court no longer adheres to the view, expressed in the *Andersen* case, that the courts are powerless to prevent manifest injustice if the facts be as alleged in the appellant's complaint herein. We indicated a departure from that view in the *En Banc* case of *Roon v. King County,* 24 Wn. (2d) 519, 166 P. (2d) 165. However, the factual situation in the *Roon* case did not necessitate an overruling of the *Andersen* case, which we now overrule. Without reiteration or extended quotation, we adopt as expressive of the governing principles in the present case and as the opinion of the court, the language used in *Roon v. King County, supra,* in law points Nos. 1, 2, and 3, on pp. 526 and 527 of 24 Wn. (2d), wherein it is made clear that

". . . the courts *retain* all the equitable powers inherent in them, and may still exercise them when the occasion demands it."

█ We have here a situation in which, based on the allegations of the complaint, the superior court would be warranted in exercising its inherent equity powers, and we now hold that it is not precluded from doing so, Rem. Rev. Stat., § 11315-1, and *Andersen v. King County, supra,* notwithstanding. Our answer to the question posed at the beginning of this opinion is yes, but with certain restrictions and limitations hereinafter noted.

█ The judgment of dismissal is reversed and the cause remanded, with instructions to overrule the demurrer. This does not mean, however, that *ipso facto* a restraining order *pendente lite* should issue. When a person appeals to a court of equity, he must expect to do equity; therefore, before

any restraining order is issued in such a case as this, the taxpayer should be required to place the amount of the tax sought to be collected in the registry of the court, to be delivered to the county treasurer should the taxpayer fail to establish the fact of prior payment. This requirement is as effective as distraint if the tax has not been paid, and is no more onerous to the taxpayer than the statutory remedy of payment under protest and a suit to recover the payment so made.

JEFFERS, C. J., BEALS, STEINERT, ROBINSON, SIMPSON, SCHWELLENBACH, and GRADY, JJ., concur.

MALLERY, J., concurs in the result.