[No. 662-3.   Division Three.   July 27, 1973.]

GLENN A. TYLER *et al., Respondents*, v. EDWARD VAN AELST *et al., Appellants.*

*Edward B. Shamek,* for appellants.

*A. J. Losee,* for respondents.

MUNSON, J.—Plaintiffs brought this action seeking damages for injury to their water-diversion system and for a

permanent injunction enjoining defendants from committing future or further damage to said system. Defendants answered, denying responsibility for any damage, and cross-complained, seeking damages for injury to the property they operated under an easement. These damages were allegedly caused by the plaintiffs while trespassing on said property and as a result of installation of a pipeline across the property. Defendants also sought a mandatory injunction compelling the removal of plaintiffs' pipeline, as well as an injunction prohibiting plaintiffs from entering the easement strip. From a judgment granting plaintiffs' request for a permanent injunction but denying each party any additional relief sought, both parties appeal.

In 1939, the United States of America, acting through the Bonneville Power Administration, acquired for power line construction fee ownership of a 300-foot wide strip of land near Cozy Nook Creek. Thereafter, Bonneville Power Administration, by a document entitled "Easement Deed" granted to Jack Galloway:

> ingress and egress over, across and upon said parcel of land; for use thereof for customary agricultural purposes, except as herein limited; . . .
>
> . . . . .
>
> . . . at all times said parcel of land will be kept and maintained free and clear of trees, brush, noxious weeds, buildings or other structures, and that no material will be stored, stacked, or piled thereon.

Defendants succeeded to all rights under this easement deed. Plaintiffs own land adjoining the 300-foot easement.

In October, 1968, plaintiffs obtained from the State of Washington the right to use a prescribed amount of water from Cozy Nook Creek for domestic and stock purposes. In July, 1968, the Bonneville Power Administration, by letter, granted plaintiffs the right to use a portion of the 300-foot strip for the purpose of installing a water pipeline from the creek to their premises. Pursuant thereto, plaintiffs installed such a water system by burying approximately 3,000 feet of 2-inch plastic pipe across the strip.

The defendants admittedly opposed the issuance of the water certificate to plaintiffs by the State of Washington and the issuance of the right-of-way for pipeline purposes by the Bonneville Power Administration.

In the fall of 1971, defendants, while working with a bulldozer to clear brush from a fenceline within the 300-foot strip, caused the waters of Cozy Nook Creek to be muddied upstream from plaintiffs' diversion system. The mud, silt, and debris dislodged thereby caused problems with plaintiffs' water system. These problems culminated in the instant action.

Defendants first contend the trial court erred in granting plaintiffs a permanent injunction which, with specific exemptions, prohibited defendants from disturbing the bed and water shed of Cozy Nook Creek.

One who seeks relief by permanent injunction must show: (1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in, or will result in, actual and sustained injury to him. *Port of Seattle v. International Longshoremen's & Warehousemen's Union,* 52 Wn.2d 317, 324 P.2d 1099 (1958); *LeMaine v. Seals,* 47 Wn.2d 259, 287 P.2d 305 (1955); *King County v. Port of Seattle,* 37 Wn.2d 338, 223 P.2d 834 (1950).

Defendants claim that the plaintiffs have not shown a clear legal or equitable right. We disagree. There is undisputed evidence that, despite defendants' protest, the State of Washington granted the plaintiffs a water right in Cozy Nook Creek. The validity of this water right in Cozy Nook Creek is not challenged and is a sufficient legal right upon which to base a permanent injunction. The injunction is strictly limited, dealing only with plaintiffs' legal right to water from the creek and prohibiting defendants from interfering with that right.

Defendants also contend that the other two requirements for a permanent injunction were not established.

Again, we disagree. The court found defendants to have negligently disturbed plaintiffs' water-diversion system. It further found that defendants had repeatedly attempted to interfere with the water rights of plaintiffs and continuously attempted to control and stop plaintiffs' usage of water from the creek. The court deemed the present disturbance of the creek only one in a chain of events calculated by defendants to disturb plaintiffs' water rights. While it is true that the actions upon which the injunction was sought were past acts and that the purpose of an injunction is not to punish the wrongdoer for past actions, *Department of Game v. Puyallup Tribe, Inc.*, 80 Wn.2d 561, 497 P.2d 171 (1972); *Lewis Pacific Dairymen's Ass'n v. Turner*, 50 Wn.2d 762, 314 P.2d 625 (1957), the record shows that there was a definite possibility, because of the relationship which existed between the parties, that injury would occur to the plaintiffs in the future. *See King County v. Port of Seattle, supra* at 345. The record supports the trial court's findings and the findings are sufficient to satisfy the remaining requirements for the issuance of the permanent injunction. We find no error in granting the injunction.

Plaintiffs, however, cross-appeal from the failure of the court to award damages for injuries allegedly caused by the defendants' disturbance of the creek bottom. Plaintiffs assert that defendants' conduct in so doing was malicious, or at least reckless. The court found defendants' conduct negligent, but not malicious, and further found plaintiffs contributorially negligent. There is substantial evidence to support the trial court's finding, not only that defendants' conduct was not malicious or reckless, but also that the plaintiffs, by improperly screening their water system within the creek, contributed to the damage incurred to that system. We find no error. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Defendants' remaining assignments of error are interrelated. They claim the court erred in not determining the

respective rights of the parties to the use of the 300-foot strip of land and in failing to grant them a mandatory injunction requiring the plaintiffs to remove the water-diversion system and the pipeline from this land.

The trial court specifically declined to make any determination with respect to the rights of the parties to the use of that property, even though defendants in their answer and cross claim raised these issues. The court believed federal ownership of the fee precluded state court jurisdiction. We disagree.

■ The determination of the use of the property is not an exclusive federal question. The state court does have jurisdiction over the matter. As stated in *Duguid v. Best,* 291 F.2d 235 (9th Cir. 1961), at 239:

> [I]t is not improper for state courts to make . . . a determination . . . [which] affects only the possessory interests of the litigants and has no effect upon the paramount title of the government [United States of America].

*Potter v. Randolph,* 126 Cal. 458, 58 P. 905 (1899); *Lightner Mining Co. v. Superior Court,* 14 Cal. App. 642, 112 P. 909 (1910); *see also Hunt v. Plavsa,* 103 Cal. App. 2d 222, 229 P.2d 482 (1951). The issue was properly raised in the trial court and the defendants are entitled to have a ruling thereon.

Insofar as the judgment grants plaintiffs the injunction they sought and denies damages to plaintiffs, the judgment is affirmed. As to all other issues dealing with the determination of the rights of the respective parties to the use of the land, which do not go to the issue of the paramount title in the government of the United States, judgment is reversed and remanded for trial.

GREEN, C.J., and MCINTURFF, J., concur.