[No. 47806-6. En Banc. January 14, 1982.]

TYLER PIPE INDUSTRIES, INC., *Respondent*, v. THE DEPARTMENT OF REVENUE, *Petitioner*.

*Kenneth O. Eikenberry, Attorney General,* and *William B. Collins, Assistant,* for petitioner.

*Cartano, Botzer, Larson & Birkholz,* by *Thomas C. McKinnon* and *Thomas A. Sterken,* for respondent.

DIMMICK, J.—The Superior Court issued a preliminary injunction against the Department of Revenue preventing the Department from taking any further action against Tyler Pipe with reference to the collection of business and occupation taxes pending the outcome of a trial on the merits. We reverse the trial court and dissolve the injunction.

The Department audited Tyler Pipe for the period January 1, 1976, through September 30, 1980. The audit resulted in an assessment of business and occupation taxes in the amount of $123,159, including interest. Tyler Pipe petitioned the Department for a correction of this assessment. The Department denied the petition and sustained the imposition of the tax establishing May 20, 1981, as the

due date for payment of the assessment or a 10 percent penalty would be imposed. Tyler Pipe could have prepaid the assessment and litigated its claims in a refund action; however, the interest which a taxpayer may recover if successful in a refund suit is only 3 percent. Rather than prepaying the tax, Tyler Pipe filed its Complaint for Declaration of Invalidity of Tax Assessment, Injunction and Other Relief along with a Motion for Temporary Restraining Order. The motion was supported by two affidavits signed by an attorney for Tyler Pipe. A hearing was held on the motion and the court issued a temporary restraining order. When Tyler Pipe's request for a preliminary injunction was heard, the court considered an additional affidavit from the Department along with briefs of the parties. The trial court granted Tyler Pipe's motion and entered its findings of fact, conclusions of law and order granting preliminary injunction. The conclusions of law relevant to this appeal are:

> 3.2 Plaintiff is entitled to an injunction under RCW 82.32.150 and a substantial constitutional question not definitely resolved by prior authorities is clearly presented in this case.
>
> 3.3 Plaintiff will suffer immediate and irreparable injury and harm without an injunction due to the substantial penalty which would be imposed without prepayment and the minimal (3%) interest allowed on tax refunds in the event plaintiff is successful on the merits compared to the amount of interest that would have to be paid by plaintiff to secure the amount of prepayment.

There are three major issues before this court. First, does RCW 82.32.150 require the court to grant injunctive relief without reference to equitable criteria? Second, if not, what are the proper criteria in determining whether to grant or deny a preliminary injunction? Third, does Tyler Pipe meet such criteria? We conclude that a court must refer to equitable criteria under RCW 82.32.150; and after clarifying the proper criteria, we determine that Tyler Pipe did not meet the requirement.

## I

The Department contends that conclusion of law No. 3.2 indicates that the trial court erroneously interpreted RCW 82.32.150 to require an injunction whenever a substantial constitutional question is presented. Tyler Pipe argues that such interpretation is proper.

RCW 82.32.150 provides:

All taxes, penalties, and interest shall be paid in full before any action may be instituted in any court to contest all or any part of such taxes, penalties, or interest. No restraining order or injunction shall be granted or issued by any court or judge to restrain or enjoin the collection of any tax or penalty or any part thereof, except upon the ground that the assessment thereof was in violation of the Constitution of the United States or that of the state.

The statute has three basic parts. The third part, at issue herein, provides an exception to the declaration that injunctions shall not be granted. It is a well established principle of statutory construction that provisos and exceptions remove something from the enacting clause that would otherwise be contained therein. This proposition was well stated by this court in *McKenzie v. Mukilteo Water Dist.*, 4 Wn.2d 103, 114, 102 P.2d 251 (1940) as follows:

"It has not been an unfrequent mode of legislation to frame an act with general language in the enacting clause, and to restrict its operation by a proviso. . . . Provisos and exceptions are similar; intended to restrain the enacting clause; to except something which would otherwise be within it, or in some manner to modify it. . . . The exception of a particular thing from the operation of the general words of a statute shows that in the opinion of the law–maker the thing excepted would be within the general words had not the exception been made."

Pursuant to this principle, the exception to the anti–injunction portion of RCW 82.32.150 cannot be read as independently requiring injunctions. Rather, it merely removes constitutional cases from the ban on injunctions allowing a court to exercise its equitable powers in those

cases. We have held the legislature can never totally deprive the courts of their constitutional equity power. *See O'Brien v. Johnson*, 32 Wn.2d 404, 202 P.2d 248 (1949). However, courts will respect this ban on injunctions if the legislature provides an adequate legal remedy. In *Roon v. King County*, 24 Wn.2d 519, 166 P.2d 165 (1946), the court dealt with a similar anti–injunction statute coupled with a statutory refund remedy in the property tax area. In discussing this combination the court stated:

> We do not construe the 1931 act as an encroachment upon the constitutional power of the court in the exercise of its inherent equity functions, nor would we accede to such attempt if it were so intended. We accept it simply and *solely* as a legislative undertaking to provide an adequate legal remedy in cases wherein, if a legal remedy existed before, it was a doubtful or inadequate one. Provision for a speedy, adequate remedy having thus been specifically made, the courts, *while retaining to the full all of the equitable powers inherent in them,* have only *lessened occasion* for the exercise of such powers.

24 Wn.2d at 526.

Tyler Pipe makes two arguments to support its contention that RCW 82.32.150 requires the issuance of an injunction in constitutional cases. First, that RCW 82.32-.150 must be read in conjunction with 28 U.S.C. § 1341. 28 U.S.C. § 1341 prohibits federal district courts from enjoining the collection of taxes under state law "where a plain, speedy and efficient remedy may be had in the courts of such State." Tyler contends that when the two statutes are read together, RCW 82.32.150 must be construed as recognizing that a refund suit is an inadequate legal remedy in constitutional cases and that an injunction is required.

Tyler cites no authority for its contention that RCW 82.32.150 and 28 U.S.C. § 1341 must be read together in this manner. Nothing in 28 U.S.C. § 1341 indicates that it requires different remedies for constitutional and nonconstitutional cases. In addition, the exception for constitutional cases in RCW 82.32.150 was not a response to 28 U.S.C. § 1341. Indeed, the predecessor to RCW 82.32.150

was enacted in 1933. *See* Laws of 1933, ch. 191, § 13. 28 U.S.C. § 1341 was not enacted until 1937. *See* Act of Aug. 21, 1937, ch. 726, § 1, 50 Stat. 738.

Even if Washington must offer injunctive relief to have a plain, speedy and efficient remedy under 28 U.S.C. § 1341, there is no requirement that an injunction be granted. The injunctive remedy must simply be available. The United States Supreme Court spoke to this matter in *Tully v. Grifin, Inc.*, 429 U.S. 68, 50 L. Ed. 2d 227, 97 S. Ct. 219 (1976). In *Tully* the taxpayer sought an injunction under 28 U.S.C. § 1341. New York had a judicial remedy which required payment of the tax prior to resolution and the court noted that the taxpayer lacked the means to make payment. The court ruled that the remedies provided by the State were plain, speedy and efficient. One of the remedies discussed was the possibility that the taxpayer could obtain a preliminary injunction. While the court noted the availability of this remedy it specifically stated:

> Although acknowledging a New York court's *power* to issue a preliminary injunction in these circumstances, the Attorney General remains free, of course, to oppose the granting of such relief in any particular case.

429 U.S. at 76 n.7.

Tyler argues that 28 U.S.C. § 1341 requires the issuance of an injunction. *Tully* establishes that it is the opportunity to obtain an injunction that is required. Under the exception to RCW 82.32.150 Tyler has the opportunity to obtain an injunction in a constitutional case if it meets the equitable criteria governing injunctive relief.

Tyler Pipe relies upon *Pacific Tel. & Tel. Co. v. State Tax Comm'n*, 180 Wash. 673, 676, 42 P.2d 420 (1935), as support for its position. In *Pacific Telephone,* this court affirmed an injunction restraining collection of taxes, and stated that the predecessor statute to RCW 82.32.150 "appears to recognize the right to injunctive relief" when a constitutional objection is made. Reliance on this statement is misplaced, however, because the court did not require an injunction but in fact looked to all the equities.

RCW 82.32.150 provides a legal remedy and limits the court's equitable powers. The exception for constitutional cases simply means that the legislature has chosen not to limit the court's equitable powers with regard to those cases even though it has provided a legal remedy. Thus, while one is not barred from seeking an injunction in a constitutional case, one must meet the equitable criterion governing its issuance.

## II

The rule in this state is that injunctive relief will not be granted where there is a plain, complete, speedy and adequate remedy at law. *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wn.2d 298, 312, 553 P.2d 423 (1976), *appeal dismissed*, 430 U.S. 952, 51 L. Ed. 2d 801, 97 S. Ct. 1594 (1977), citing *Davies v. Seattle*, 67 Wash. 532, 535, 121 P. 987 (1912).

The statutory scheme at issue provides the legal remedy of a refund suit; and if successful in that suit, a taxpayer may recover interest at 3 percent. RCW 82.32.060; 82.32-.150; 82.32.180. We need not decide whether the refund suit and the accompanying provision for interest is an adequate legal remedy barring equitable relief. As noted above, the legislature by excepting constitutional cases from the anti–injunction provision chose not to limit the court's equitable powers in those cases even though the legal remedy may, in fact, be adequate. The court in a constitutional case need only focus on the equitable criteria governing issuance of injunctions.

▪ The proper equitable criteria have been variously stated by the courts of this state. In addition to the judicial statements the legislature has set forth criteria in RCW 7.40.020.[1] While this statute has remained virtually

---

[1]RCW 7.40.020 provides:

"When it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff; or when during the liti-

unchanged since 1881, it is seldom cited or relied upon. The most consistent and complete discussion of the criteria is in *Port of Seattle v. International Longshoremen's & Warehousemen's Union,* 52 Wn.2d 317, 324 P.2d 1099 (1958):

It is an established rule in this jurisdiction that one who seeks relief by temporary or permanent injunction must show (1) that he has a clear legal or equitable right, (2) that he has a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting in or will result in actual and substantial injury to him.

(Citations omitted.) *Id.* at 319.[2]

We see no reason to depart from this well established rule in the instant case. It is necessary, however, to clarify that since injunctions are addressed to the equitable powers of the court, the listed criteria must be examined in light of equity including balancing the relative interests of the parties and, if appropriate, the interests of the public.

---

gation, it appears that the defendant is doing, or threatened, or is about to do, or is procuring, or is suffering some act to be done in violation of the plaintiff's rights respecting the subject of the action tending to render the judgment ineffectual; or where such relief, or any part thereof, consists in restraining proceedings upon any final order or judgment, an injunction may be granted to restrain such act or proceedings until the further order of the court, which may afterwards be dissolved or modified upon motion. And where it appears in the complaint at the commencement of the action, or during the pendency thereof, by affidavit, that the defendant threatens, or is about to remove or dispose of his property with intent to defraud his creditors, a temporary injunction may be granted to restrain the removal or disposition of his property."

[2]While not all Washington decisions cite all three criteria, they have been cited and relied on in a number of Washington decisions. *See, e.g., Nielson v. King County,* 72 Wn.2d 720, 435 P.2d 664 (1967); *LeMaine v. Seals,* 47 Wn.2d 259, 287 P.2d 305 (1955); *Grande Ronde Lumber Co. v. Buchanan,* 41 Wn.2d 206, 248 P.2d 394 (1952); *Isthmian S.S. Co. v. National Marine Eng'rs Beneficial Ass'n,* 41 Wn.2d 106, 247 P.2d 549 (1952); *King County v. Port of Seattle,* 37 Wn.2d 338, 223 P.2d 834 (1950); *State ex rel. Hays v. Wilson,* 17 Wn.2d 670, 137 P.2d 105 (1943); *Agronic Corp. of America v. deBough,* 21 Wn. App. 459, 585 P.2d 821 (1978); *Hendricks v. Lake,* 12 Wn. App. 15, 528 P.2d 491 (1974); *Tyler v. Van Aelst,* 9 Wn. App. 441, 512 P.2d 760 (1973).

## III

It is unclear from the trial court's conclusions of law what criteria it applied. We have before us all the documents and arguments considered by the trial court. Thus, rather than remanding this matter to the trial court to apply the criteria enunciated herein, we shall prevent any further delay and expense by applying the criteria.

### A
#### CLEAR LEGAL OR EQUITABLE RIGHT

The trial court concluded that a "substantial" constitutional question existed. Conclusion of law No. 3.2. Tyler Pipe argues that this conclusion, without more, meets the requirement that it demonstrate a clear right. The Department contends that this conclusion does not meet the requirement and we must analyze Tyler Pipe's likelihood of success on the merits. We agree with the Department.

We discussed the necessity of establishing a clear right in *Isthmian S.S. Co. v. National Marine Eng'rs Beneficial Ass'n,* 41 Wn.2d 106, 117, 247 P.2d 549 (1952), and held that an injunction "will not issue in a doubtful case." Although we have discussed this criterion in other cases, we have not specifically stated what satisfies the requirement. We conclude it is appropriate to examine the likelihood of that party ultimately prevailing on the merits. The court in making this determination, obviously, does not adjudicate the ultimate rights in the lawsuit.

The controversy in the instant case involves Tyler Pipe's challenge to the imposition of the tax based primarily on the interstate commerce clause and due process clause of the United States Constitution. Tyler Pipe contends that its nexus with the State of Washington is too attenuated to support the assessment of taxes.

The record indicates that it is the firm position of the Department of Revenue that the in-state activities of the sales representatives of Tyler Pipe constitute sufficient nexus. The Department, as indicated in an affidavit and an attached letter, accepted stipulated facts as the basis for its

opinion. The Department and the Washington State Board of Tax Appeals have sustained the imposition of this taxing jurisdiction in similar cases. In addition, we have reviewed the documents in the record indicating that the Thurston County Superior Court recently upheld the imposition of the business and occupation tax in a case involving very similar facts. PVO International, Inc. v. Department of Revenue, Thurston County cause No. 79–2–00732–1 (Oct. 2, 1980).

After reviewing all the facts and documents which were before the trial court, we conclude that at this point in the proceedings Tyler Pipe has not made the requisite showing of a likelihood of success on the merits. Therefore, we hold that Tyler Pipe has not established a clear legal or equitable right.

## B
### WELL GROUNDED FEAR OF INVASION
Both parties agree this criterion is present.

## C
### ACTUAL AND SUBSTANTIAL INJURY

Tyler Pipe offered no testimony in support of its motion for injunctive relief. The complaint merely asserted that "irreparable injury will be suffered" and contained no facts supporting this assertion. Tyler Pipe presented two affidavits in support of its motion. The first reported the efforts made to notify the Department of a hearing on the temporary restraining order and the other set forth the fact that a penalty would be imposed if the taxes were not paid. There are no assertions or evidence that Tyler Pipe is unable to pay the tax, that payment would somehow irreparably damage Tyler Pipe's business or drive it into bankruptcy, or that it would be required to borrow money.

It appears from the record that Tyler Pipe's injury is simply that it will have to pay the tax if the injunction is not granted and will only receive interest of 3 percent on its refund should it prevail. Payment of the tax, in and of itself, does not constitute the actual and substantial injury

required for issuance of an injunction. This proposition was well established by the Supreme Court in *Shelton v. Platt,* 139 U.S. 591, 35 L. Ed. 273, 11 S. Ct. 646 (1891). In *Shelton,* the taxpayer sought to enjoin a tax it claimed was illegal and would cause irreparable injury. The court ruled that no injunction should issue, stating:

> So far as appeared, complete compensation for the resulting injury could have been had by recovery of damages in an action at law. There was no allegation of inability on the part of the express company to pay the amount of the taxes claimed, nor any averments showing that the seizure and sale of the particular property which might be levied on, would subject it to loss, damage and inconvenience which would be in their nature irremediable.

139 U.S. at 596.

In addition, inconvenience in raising funds to pay taxes does not constitute actual and substantial injury. Tyler Pipe put no facts before the trial court demonstrating a difficulty in raising the amount of the tax; but even if such facts had been presented, they would not demonstrate actual and substantial injury. The United States Supreme Court clearly addressed this point, stating:

> Mere inconvenience to the taxpayer in raising the money with which to pay taxes is not uncommon, and is not a special circumstance which entitles one to resort to a suit for an injunction in order to test the validity or applicability of the tax. For aught that appears prompt payment of the tax and claim of refund would have led to an early determination of the liability here contested.

*California v. Latimer,* 305 U.S. 255, 262, 83 L. Ed. 159, 59 S. Ct. 166 (1938).

Tyler argues that the court is entitled to take judicial notice of the loss caused by the difference between the 3 percent interest rate paid by the State on refunds and the prime rate. We addressed the issue of judicial notice in *State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 380 P.2d 735 (1963):

> Judicial notice, of which courts may take cognizance, is

composed of facts capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy and verifiable certainty. The court may

". . . resort to encyclopedias, authoritative works upon the subject, reports of committees, scientific bodies, and any source of information that is generally considered accurate and reliable . . ."

61 Wn.2d at 779.

Pursuant to this formulation the court may take judicial notice of the prime rate of interest and Washington's 3 percent tax refund rate. However, the court may not take judicial notice of Tyler Pipe's financial condition and whether payment of the tax would result in actual and substantial harm.

Since Tyler Pipe has put nothing into evidence to establish actual and substantial harm, it is reduced to arguing that any dollar loss constitutes actual and substantial harm regardless of its impact. An injunction is an extraordinary equitable remedy designed to prevent serious harm. Its purpose is not to protect a plaintiff from mere inconveniences or speculative and insubstantial injury. Accordingly, after reviewing all the facts and evidence before the trial court we conclude that Tyler Pipe has not established actual and substantial harm in its request for injunctive relief.

The above criteria must be considered in light of equitable factors. Accordingly, we must weigh society's interest in efficient tax collection against Tyler Pipe's harm. As stated in *Peters v. Sjoholm,* 95 Wn.2d 871, 631 P.2d 937 (1981) (Brachtenbach, C.J., concurring):

The government has a strong interest in the efficient collection of taxes which has long been recognized by the judiciary.

(Citations omitted.) 95 Wn.2d at 885.

Society's strong interest in the collection of taxes has led to a long–standing public policy which disfavors the issuance of injunctions. This policy was well stated by Justice Holmes in *Dalton Adding Mach. Co. v. State Corp.*

*Comm'n,* 236 U.S. 699, 59 L. Ed. 797, 35 S. Ct. 480 (1915). In *Dalton* the plaintiff sought to enjoin the State of Virginia from enforcing its statute requiring foreign corporations to register with the State and pay a fee. In denying the injunctive relief the court stated:

> The general principle is that it is not for the courts to stop officers of this kind from performing their statutory duty for fear that they should perform it wrongly. . . . Especially is this true in the matter of collecting taxes and license fees. . . . The appellant has an adequate remedy at law in its right to raise the constitutional question if proceedings are taken against it, or, it seems, to recover the money if it pays under protest. No special circumstances are shown, that we can notice, to take this case out of the ordinary rule.

(Citations omitted.) 236 U.S. at 701.

The California Supreme Court recently stated in this regard that:

> The policy behind [a statute allowing a refund remedy with no possibility of an injunction] is to allow revenue collection to continue during litigation so that essential public services dependent on the funds are not unnecessarily interrupted. . . . "Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public."

(Citations omitted.) *Pacific Gas & Elec. Co. v. State Bd. of Equalization,* 27 Cal. 3d 277, 283, 611 P.2d 463, 165 Cal. Rptr. 122 (1980).

These expressions of public policy apply directly to this case. Tyler Pipe has not alleged any special circumstances to justify the issuance of an injunction. The outcome of balancing society's strong interest in efficient tax collection against Tyler Pipe's harm clearly outweighs granting an injunction.

In sum, RCW 82.32.150 does not require the court to grant injunctive relief in constitutional cases. A court must apply appropriate equitable criteria and balance the equities in granting an injunction.

Therefore, we reverse the trial court and dissolve the injunction.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, and DORE, JJ., concur.

Reconsideration denied March 2, 1982.