40 P.3d 1198 (2002)
110 Wash.App. 383
Hans YORK and Katherine York, parents of Aaron E. York and Abraham P. York; Sharon Schneider and Paul A. Schneider, parents of Tristan S. Schneider, Appellants,
v.
WAHKIAKUM SCHOOL DISTRICT NO. 200, Respondent.
No. 26694-6-II.
Court of Appeals of Washington, Division 2.
February 22, 2002.
*1199 Catherine E. Maxson, Aaron Hugh Caplan, Jeffrey L. Fisher, Seattle, Counsel for Appellants.
Sharon Bitcon, Seattle, Frederick Johnson, Wahkiakum County Pros. Atty., Cathlamet, Counsel for Respondent.
ARMSTRONG, C.J.
After the Wahkiakum School District discovered that many of its students were using alcohol and illegal drugs, the District implemented a drug testing program. The District requires student athletes to consent to random drug testing as a condition of participating in sports. A group of parents sued the District, claiming that the drug testing violates the state and federal constitutions. The trial court denied their motion for a preliminary injunction to stop the testing pending trial. We accepted discretionary review of the trial court's ruling, but now dismiss the petition as moot.

DISCUSSION
To obtain a preliminary injunction, a plaintiff must show that (1) he has a clear legal or equitable right and (2) he reasonably fears immediate invasion of that right, which (3) will cause him actual and substantial injury. Tyler Pipe Indus., Inc. v. Dep't of Revenue, 96 Wash.2d 785, 792, 638 P.2d 1213 (1982). The District argues that review of the trial court's denial of a preliminary injunction is moot because the District has agreed to stop testing students pending the trial. We agree and, therefore, dismiss the petition and remand to the trial court.
Even if the District continued testing, the students have not shown that it invades any clear legal or equitable right. They rely on Kuehn v. Renton Sch. Dist. No. 403, 103 Wash.2d 594, 694 P.2d 1078 (1985), where our Supreme Court banned suspicionless searches of students' belongings absent reasonable suspicion of wrongdoing for each student searched. Here, the District tests athletes randomly, without suspicion.
Washington courts have continued to require reasonable suspicion to search a particular student. See, e.g., State v. B.A.S., 103 Wash.App. 549, 13 P.3d 244 (2000); State v. Brooks, 43 Wash.App. 560, 718 P.2d 837 (1986). But since Kuehn, both the United States Supreme Court and the Washington Supreme Court have allowed suspicionless searches under certain circumstances. See, e.g., Vernonia Sch. Dist. 47J v. Acton, 515 U.S. 646, 115 S.Ct. 2386, 132 L.Ed.2d 564 (1995) (drug testing of student athletes); In re A, B, C, D, E, 121 Wash.2d 80, 847 P.2d 455 (1993) (HIV tests for juvenile sex offenders). In these cases, the courts applied the "special needs" exception to the Fourth Amendment warrant requirement. Vernonia, 515 U.S. at 648, 115 S.Ct. 2386; In re A, B, C, D, E, 121 Wash.2d at 91, 847 P.2d 455. This exception allows government to conduct a warrantless, suspicionless search focused on a specific class of individuals if "special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement impracticable." Vernonia, 515 U.S. at 653, 115 S.Ct. 2386 (quoting *1200 Griffin v. Wisconsin, 483 U.S. 868, 873, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)). To determine whether the special needs exception applies, a court examines the nature of the privacy interest and the character and degree of the intrusion. Then the court determines whether a compelling state interest justifies the intrusion and whether the intrusion is a narrowly tailored means of serving the interest. Vernonia, 515 U.S. at 660-64, 115 S.Ct. 2386.
The students here contend that the drug testing violates article I, section 7 of the State Constitution. Division One recently banned suspicionless drug testing of candidates for public employment under article I, section 7. Robinson v. City of Seattle, 102 Wash.App. 795, 10 P.3d 452 (2000). The court concluded that in In re A, B, C, D, E, our Supreme Court applied an "entirely different analysis" for suspicionless testing under the article I, section 7 right-to-privacy. Robinson, 102 Wash.App. at 817, 10 P.3d 452. But, applied to a suspicionless testing policy, the analysis mirrors the special needs analysis: a compelling state interest must justify the policy and the testing must be a narrowly tailored means of serving this interest. In re A B, C, D, E, 121 Wash.2d at 96-98, 847 P.2d 455; Robinson, 102 Wash.App. at 817-18, 10 P.3d 452.
Thus, suspicionless searches are not unreasonable per se, and the students have not shown that the District's policy invades a clear legal or equitable right.
Remanded.
I concur: HUNT, J.
I concur in the result that the matter is moot; the remainder is unnecessary: BRIDGEWATER, J.