IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF CLARKSTON, a Washington municipal corporation, | ) ) ) | No. 33682-4-III |
| Respondent, | ) ) ) | |
| v. | ) ) | |
| | ) | UNPUBLISHED OPINION |
| VALLE DEL RIO, LLC, A Washington Limited Liability Corporation, d/b/a Greenfield Company; MATT PLEMMONS, individually and as a member of Valle Del Rio, LLC; and Aaron Tatum, individually and as a member of Valle Del Rio, LLC, | ) ) ) ) ) ) ) ) | |
| Petitioners. | ) ) ) | |

FEARING, C.J. — The City of Clarkston sued Valle Del Rio, LLC, to enforce Ordinance 1532 that prohibits recreational marijuana production, processing, or place of retail sale within Clarkston. The superior court granted Clarkston a preliminary injunction enforcing the ordinance and barring Valle Del Rio from operating a recreational marijuana retail outlet until resolution of the suit. After Valle Del Rio appealed the injunction, Clarkston repealed Ordinance 1532 and now allows the operation of marijuana retail stores within city limits. Despite the mootness of this

appeal, the parties request that we address the merits of their dispute. Because the parties ask us to review an order granting a preliminary injunction and the trial court never fully addressed the merits of the dispute after a factual hearing, we decline to address the merits of the appeal and follow the prevailing rule of dismissing moot appeals.

## FACTS

On November 6, 2012, Washington voters approved Initiative 502, which legalized the licensed production and sale of marijuana. On November 24, 2014, the City of Clarkston adopted Ordinance 1532 that declares: "no recreational marijuana production, processing or place of retail sale shall be permitted within this City limits in any zone, and no entity or person shall be issued a business license for any recreational marijuana business." Clerk's Papers (CP) at 9.

On April 2, 2015, Matt Plemmons signed a lease for retail space in Clarkston and spent $20,000 on improvements in order to meet state licensure requirements for a marijuana retail store. On April 29, 2015, Plemmons and Aaron Tatum, owners of Valle Del Rio, LLC, applied for a business license with Clarkston for the "[r]etail sales of paraphernalia for use with tobacco and cannabis products." CP at 104. Clarkston issued Valle Del Rio a business license on May 5, 2015. On June 29, 2015, an undercover law enforcement officer purchased marijuana from Valle Del Rio within Clarkston limits.

2

PROCEDURE

On July 1, 2015, the City of Clarkston sued Valle Del Rio. The city requested a declaratory judgment regarding the validity of Ordinance 1532 and injunctive relief enjoining Valle Del Rio from continuing the retail sale of marijuana. The following day, the trial court granted a temporary restraining order restraining Valle Del Rio from the retail sale or distribution of marijuana within the city of Clarkston. On August 5, the trial court conducted a hearing on show cause to compel Valle Del Rio to show why the temporary restraining order should not remain in effect during the pendency of the action. After the hearing, the trial court issued a preliminary injunction that extended the restraints of the temporary restraining order.

Valle Del Rio sought discretionary review, from this court, of the preliminary injunction. Our court commissioner ruled that Valle Del Rio is entitled to review as a matter of right because the injunction altered the status quo when it barred the company from its ongoing business operations. In addition to briefing by the parties, this court granted the State of Washington leave to file an amicus brief.

On January 14, 2016, the City of Clarkston repealed Ordinance 1532, with the repeal taking effect on January 19. Valle Del Rio now conducts business as a retail recreational marijuana outlet within the City of Clarkston. Upon news that the city repealed Ordinance 1532, we asked the parties to address whether the appeal is moot. The parties agree the appeal is moot but ask us to render a decision anyway.

3

LAW AND ANALYSIS

We must first determine whether to review the merits of this appeal. After the filing of the appeal, the City of Clarkston revoked the ordinance it sought to enforce by this suit. The parties no longer have a pending dispute. Since Clarkston no longer seeks to preclude Valle Del Rio from conducting business, we can provide no useful relief for the company.

A case is moot "when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); *State v. Slattum*, 173 Wn. App. 640, 647, 295 P.3d 788 (2013). Generally, this court may not consider an appeal if the issue presented is moot. *In re Cross*, 99 Wn.2d 373, 377, 662 P.2d 828 (1983); *In re Det. of R.R.*, 77 Wn. App. 795, 799, 895 P.2d 1 (1995).

This court will consider a moot issue if it involves matters of continuing and substantial public interest. *Bavand v. OneWest Bank, FSB*, 176 Wn. App. 475, 510, 309 P.3d 636 (2013). The criteria to be considered in determining whether a sufficient public interest is involved are: (1) the public or private nature of the question presented, (2) the desirability of an authoritative determination which will provide future guidance to public officers, and (3) the likelihood that the question will recur. *In re Cross*, 99 Wn.2d at 377; *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). Washington

4

courts have not addressed whether the dispute must fulfill all three factors before a court resolves a moot issue.

The parties argue that our review of this appeal would fulfill all three factors. We agree that the appeal fulfills two of the factors. The case involves an issue of public importance, not just one of private interest. The appeal entails the enforcement of a city ordinance that other cities have adopted or are considering to adopt. Many entrepreneurs seek to open retail marijuana stores, and cities face the question of whether to permit the sale. Division II recently entertained an appeal with the identical issue, but the parties voluntarily dismissed the appeal before the issuance of an opinion.

We recognize the allure of an authoritative ruling on whether a city may, by zoning ordinance, preclude marijuana sales throughout the city limits. Nevertheless, we decline to address the merits of the appeal because of the status at which the case comes before us. We are asked to review the validity of a preliminary injunction, not a final decision of the superior court after a full hearing. The rules behind the issuance of a preliminary injunction and principles behind our review of the injunction render any decision questionable as to its solidity.

The party who seeks relief by temporary injunction must show (1) it has a clear legal or equitable right, (2) it has a well-grounded fear of immediate invasion of that right, and (3) the acts complained of are either resulting in or will result in actual and substantial injury to it. *Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 96 Wn.2d 785, 792,

5

638 P.2d 1213 (1982). More importantly, at a preliminary injunction hearing, the plaintiff need not prove, and the trial court does not reach or resolve, the merits of the issues underlying the three requirements for permanent injunctive relief. *Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 96 Wn.2d at 792-93. Instead, the trial court considers only the *likelihood* that the plaintiff will ultimately prevail at a trial on the merits. *Tyler Pipe Indus., Inc. v. Dep't of Revenue*, 96 Wn.2d at 793. An order granting a preliminary injunction is not a final determination on the merits of the case. *League of Women Voters v. King County Records, Elections & Licensing Servs. Div.*, 133 Wn. App. 374, 385, 135 P.3d 985 (2006).

We review an order granting a preliminary injunction for abuse of discretion. *Rabon v. City of Seattle*, 135 Wn.2d 278, 284, 957 P.2d 261 (1998). A trial court abuses its discretion only when its decision is manifestly unreasonable or is based on untenable grounds. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

If we affirmed the superior court's issuance of a preliminary injunction, we would merely be confirming a tentative ruling about the merits. If we affirmed the trial court, we would effectively enshrine the trial court's ruling as the law, on which the entire state of Washington may rely, despite the trial court's ruling only addressing the probability of success. We would also render a decision without necessarily having a full factual record. These circumstances do not herald a decision being respected as stare decisis for other disputes involving the enforcement of a city ordinance precluding the sale and

6

No. 33682-4-III
*Clarkston v. Valle Del Rio*

distribution of marijuana.

CONCLUSION

We dismiss the appeal as moot and deny either party costs on appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Lawrence-Berrey, J.

7